No. 87.—A. J. Robison and others, plaintiffs in error, *vs.* Edward Carey, assignee, defendant in error.

[1.] A bill is filed by the assignee of a bank, against a number of the stockholders of another insolvent bank, to compel said stockholders to contribute rateably, under a clause in the charter, which makes them personally liable for the bills in circulation; and also to appropriate the amount of stock subscribed by them and unpaid, to the payment of debts due by the latter institution to the former, as a trust fund in their hands, and is demurred to upon the ground that the complainant has an adequate Common Law remedy : *Held*, that the bill is not demurrable on that ground.

[2.] *Held*, further, that in such a case, a demurrer, that the liability of the stockholders is several and not joint, is not warranted by the bill, it seeking to charge them severally and not jointly.

In Equity, in Muscogee Superior Court. Decision on demurrer by Judge Alexander, May Term, 1850.

The bill in this case was filed by Edward Carey, assignee of the Bank of Columbus, against John Banks and others, as stockholders in the Planters & Mechanics' Bank of Columbus, to hold them liable for the redemption of certain bills, (held by the Bank of Columbus,) under the 11th section of the charter of the Planters & Mechanics' Bank ; also, to compel the stockholders to pay in a balance due on their original subscription for stock, as a fund out of which other claims held by the Bank of Columbus against the Planters & Mechanics' Bank, might be paid.

A demurrer was filed on various grounds, and overruled by the Court below, and made grounds of error in this Court; all of which, however, having been decided during this term, were abandoned, except the following :

1st. That the complainant had an adequate Common Law remedy.

2d. That the liabilities of the defendants are individual, several, and separate, and not joint.

Jos. Sturges, for plaintiffs in error, submitted—

1st. That there is no equity in the bill of defendant. See *Prince*, 125, §§2, 3 ; *also*, 4*th Rule*, *page* 127 ; *also*, §11, *page* 127.

2dly. The members of the corporation irresponsible for the

corporate debts beyond their interest in the corporate fund. See *Angell & Ames on Corporations, pages 25 and* 26 *and* 670.

3dly. That the defendants have an ample, complete and adequate remedy at Common Law. See *Prince's Digest*, 127.

4thly. That by judgment of forfeiture, the stockholders are not liable to pay additional sums upon their stock already paid in. See *Angell & Ames*, 128, 129 ; *also*, 470, 476. Also, as to the right of the directors to assess. See *Angell & Ames*, 420, 421, *and* 422. 6 *Mass. R.* 40. 14 *Mass. R.* 286. *Prince*, 125.

5thly. That the stockholders are only liable, individually, for the ultimate redemption of bills and notes alone. See *Prince*, 127.

6thly. That the corporation being dissolved, a Court can make no other decree than is provided by Statute. See *Angell & Ames*, 667, 668. 2 *Kent*, 246, 247.

W. DOUGHERTY, for defendant in error.

This is a case of apportionment and contribution, and therefore properly brought in Equity. 1 *Mad. Ch.* 232. 1 *Story's Eq.* §§469, 470. *Angel & Ames*, 564.

By going into Equity, a multiplicity of suits is avoided; this gives jurisdiction. 1 *Story's Eq.* §§64, 67, 478, 483. *McLaren vs. Steap*, 1 *Kelly*, 376.

But we say, that independant of any statutory liability, we are entitled to the relief asked for, because the capital stock of the P. & M. Bank is in Equity, a trust fund for the payment of the debts of the Bank, and may be pursued by the creditors in Equity into the hands of any person holding the same, who is not a purchaser for value, without notice, and this can only be done in a Court of Equity. 2 *Story's Eq.* §1252. *Angell, & Ames on Corporations*, 540 *to* 546. *Wood et al. vs. Dummer et al.* 3 *Mason*, 308. 1 *Kyd on Corp.* 273. *Briggs vs. Penniman*, 8 *Cowen*, 387. *Slee vs. Bloom et al.* 19 *John.* 456. *Haslet vs. Wortherspoon et al.* 2 *Richardson's Eq. Rep.* 395. *Allen vs. Montgomery & West Point Co.* 11 *Ala. Rep.* 473.

The right of the creditors to ask in Equity for the execution and enforcement of this trust, is not impaired nor affected by the dissolution of the corporation, but it survives the dissolution, and those holding the property on which it attaches are trustees for the creditors. 2 *Story's Eq.* §1252. *Bleakney vs. Farmers &*

*Mechanics' Bank of Greencastle,* 17 *Serg. & Rawle,* 65. *Lindell vs. Benton & Kenedy,* 6 *Miss.* 364. *Mumma vs. Potomac Company,* 8 *Peters,* 281. *Nevitt vs. Bank of Port Gibson,* 6 *Smede & Marshall,* 557.

But suppose this be not true, yet we say that the Common Law rule in relation to this corporation has been repealed or changed by the Act of 1842. See *Acts of* 1842. *Nevitt vs. Bank of Port Gibson,* 6 *Smede & Marshall,* 557, *on application for rehearing.* *Hall vs. Carey,* 5 *Kelly,* 239.

The capital stock of the bank, and the value of the shares thereof, is fixed by the charter, and the stock subscribed and agreed to be paid into the company, is corporate property. *Prince's Digest,* 125. *Angell & Ames,* 562. *Briggs vs. Penniman,* 8 *Cowen,* 395, *opinion of Spencer, Senator.* *Allen vs. Montgom. & West Point Co.* 11 *Ala. Rep.* 437.

If, then, we are correct in the foregoing propositions, it follows that the complainant has the right to ask for a contribution from the defendants, under and in virtue of the terms of the charter, for the payment of his debt, *pro rata* their interest in said corporation.

And also that the capital stock in the hands of the defendants, or so much thereof as may be necessary, may be applied to the discharge of said debt.

*By the Court.*—NISBET, J. delivering the opinion.

The great questions made by the demurrer in this case, as to the liability of the stockholders in insolvent banks, were abandoned in the argument, because previously discussed in different cases at this term. I refer to those cases for the judgment of this Court, on those interesting questions, and proceed to notice two points made in this case.

[1.] The first is, that the complainant has an adequate remedy at Law, and therefore has none in Equity.

This is a bill brought by the assignee of the Bank of Columbus against certain of the stockholders of the Planters & Mechanics' Bank, to compel them to pay up the amount unpaid on their stock, or so much thereof, rateably, as may be necessary to satisfy the demands of the Bank of Columbus against the Planters & Mechanics' Bank, or that they be decreed to pay such proportion of the debts due to the complainant, as assignee of the Bank

of Columbus, as the stock held by them respectively, bears to the whole stock of the Planters & Mechanics' Bank.

The demands claimed in the bill are founded on the bills of the Planters & Mechanics' Bank, and also other evidences of debt, as certificates of deposit. It goes, therefore, upon the personal liability of the stockholders, under the 11th section of the charter, for the demands due on the bills held by the complainant; and it goes also upon the stock unpaid by the stockholders for the demands due on those bills, and demands due on other accounts, as set forth in the bill. Hence, the double aspect of the prayer of the bill, as above set forth.

The bill-holders, no doubt, can proceed at Law, each in his several action, to compel the stockholders to pay, under the 11th section ; for that section makes them liable, as "in common actions of debt." This remedy is provided by the charter. *Prince*, 127. But it does not follow, that because a bill-holder may sue at Law, he *must* sue at Law. The remedy at Law, in many cases, as in this, would be inadequate. The liability by the charter is " in proportion to the amount of shares, and the value thereof, that each individual or company may hold." It is, therefore, a case for apportionment and contribution ; and such cases belong to the jurisdiction of a Court of Chancery. 1 *Maddox's Ch.* 232. 1 *Story's Eq.* §§469, 470. *Angell & Ames on Corporations*, 564.

Again, Equity will take jurisdiction, in order to avoid a multiplicity of suits. The remedy at Law would be an action against each stockholder, and in each suit, the plaintiff would recover only that stockholder's proportion of the common liability. Hence, to collect his debt, he might be driven to a number of actions. The debts due to the complainant in this bill, are large in amount. A number of the stockholders, indeed all, as the bill avers, who could be made parties, are brought before the Court, and a multiplicity of suits is avoided. On this account, the bill is sustainable. 1 *Story's Eq.* §§64 *to* 67, 478, *and* 483. 1 *Kelly*, 376.

But this bill goes upon another and distinct ground for the recovery of all the debts due by the Planters & Mechanics' Bank to the Bank of Columbus, whether by bills or otherwise. It goes upon the ground that the capital stock of the P. & M. Bank is an equitable or trust fund, for the payment of its debts, and that the unpaid stock is a part of the capital stock, and may be followed in the

hands of any person holding the same, who is not a *bona fide* purchaser, without notice.   This proposition, so important to sound banking and to the prosperity of the State, this Court has held already at the present term, and is now affirmed.   I enter not into the discussion of it, because it has not been questioned in this case, but refer to the cases in which it was discussed.   This being true, the remedy is only in Equity.   This bill is filed to reach this trust fund—to appropriate a trust fund in the hands of the defendants, as stockholders.   In this aspect, it seeks not to charge them personally as for a debt due by them, but to charge each and every of them as trustees, holding a fund liable to the debts of the creditors of the corporation.   2 *Story's Eq.* §1252.   17 *Serg. & Rawle*, 65.   6 *Mississippi R.* 364.   8 *Peters*, 281.   *Nevitt vs. Bank of Port Gibson*, 6 *Smede & Marshall*, 557. *Ang. & Ames on Corp.* 540  to 546.

The demurrer to the bill, therefore, upon the ground that the complainant has an adequate Common Law remedy, was, in our judgment, properly overruled.

[2.]   The other ground of demurrer, insisted upon, and the only other ground is, that the liabilities of the defendants are individual, several and separate, and not joint.

The bill does not charge the defendants as jointly liable to the plaintiff for the whole of his debts.   It does not assume that they are liable, *but rateably*, and seeks to recover rateably against each.   If this ground goes upon the idea that the bill makes or seeks to make the defendants liable as joint contractors, it is not warranted by the bill.   The bill seeks to charge them, as the demurrer demands, separately and severally.   In this view of it, all that has been already said is applicable to this demurrer, and it also was well overruled as not being warranted by the case made in the bill.

Let the judgment be affirmed.