*M. B. Eubanks,* for plaintiff.      *C. I. Carey,* for defendant.

---

TAYLOR et al., receivers, v. LAMAR et al.

The action, after amendment of the petition, being against one in his representative capacity as trustee only, it was not error to dismiss the suit as to him individually.

GILBERT, J., dissenting. This being an action at law, and not a cause in equity, the Court of Appeals, and not the Supreme Court has jurisdiction of the writ of error.

No. 934. JANUARY 15, 1919.

Action by receivers against shareholders. Before Judge Mathews. Bibb superior court. February 13, 1918.

*Miller & Jones* and *Hardeman, Jones, Park & Johnston,* for plaintiffs.

*Hall & Grice,* for defendants.

. ATKINSON, J. R. J. Taylor et al., as receivers of the Exchange Bank of Macon, instituted a suit in equity against various stockholders of the insolvent bank, upon their several statutory liability, and for apportionment. In the seventh paragraph of the petition it was alleged: "The names and numbers of shares of stock owned by each is as follows: "Name...W. D. Lamar, number of shares, 76. Name...W. D. Lamar, trustee for J. T. Lamar, number of shares, 40." The petition concluded with the prayer for "judgment and decree against the said stockholders of said bank whose names have been set forth as defendants in this case," etc. Process was duly issued, among others, against "W. D. Lamar, W. D. Lamar, trustee for J. T. Lamar." In paragraph two of an amendment to the petition it was alleged: "The following named persons have . . settled their liability under said suit . . in part; but they can not be dismissed from said suit, because they are liable on other shares of stock, which liability they have not settled. W. D. Lamar individually has settled on seventy-six shares of stock standing in his own name, but not as trustee for Jack T. Lamar on forty shares of stock standing in his name as such trustee," etc. In the fourth paragraph of the amendment it was alleged that the following named defendants mentioned and described in the original petition have submitted themselves to the jurisdiction of the court by filing pleadings, have waived any irregularity in the process, and need not be served: . . W. D. Lamar as trustee for Jack T. Lamar." By subdivision D of the prayer to the amendment it was prayed, "that said case proceed against the defendants named in the 4th . . paragraph of the petition, and that process may be amended and issued so as to be returnable to the next succeeding term of this court." In subparagraph F it was prayed that "petitioners may have judgment against said defendants and each of them, as prayed in said amendment."

Under a proper construction the petition after amendment, in so far as it referred to W. D. Lamar, was a suit against him in his representative capacity as trustee for J. T. Lamar; and upon

such construction the judge did not err in dismissing W. D. Lamar in his individual capacity as a party defendant, it being alleged that the claim had been settled relatively to him on account of liability for stock held by him individually.

*Judgment affirmed. All the Justices concur, except*

GILBERT, J., dissenting as to jurisdiction. From an examination of the plaintiffs' petition it appears that this court is without jurisdiction to review the case.

Is this a cause in equity or an action at law? If it is the former, this court has jurisdiction; if the latter, it has not. It is a fact admitted by courts as well as law-writers, that there is no rule for distinguishing between a cause in equity and an action at law which will prove satisfactory and convincing in every instance. Whitehead *v.* Shattuck, 138 U. S. 151 (11 Sup. Ct. 276, 34 L. ed. 873). It is settled, however, that no amount of mere descriptive words, such as referring to the suit as one in equity, or as praying for a discovery or accounting, or alleging that there is no adequate remedy at law, will determine a suit to be a cause in equity if there is in fact an adequate and complete remedy at law. Courts will determine whether equity alone affords full relief, by looking to the facts alleged rather than to the conclusions of the pleader. *Burress* v. *Montgomery, 148 Ga. 548 (97 S. E. 538).* For a further discussion of this subject see 8 Standard Enc. Pl. 450, 451, § 449 (note); 1 Pomeroy's Eq. Jur. (4th ed.) §§ 129, 130, et seq.

It is apparent from the facts alleged that no equitable discovery, nor equitable accounting, nor equitable apportionment is shown to be necessary by the petition, as in *Robinson* v. *Carey, 8 Ga. 527.* On the other hand it is obvious that the remedy sought is a money judgment for a fixed sum against each shareholder without apportionment, and that the courts of law afford an adequate relief. "A bill was filed to collect the amounts previously assessed against the stockholders of a corporation, under a statute making them severally and individually liable for its debts to an amount equal to the value of their respective shares. While an enquiry to determine how large the assessment should be should properly be made in equity, 'after the rate of assessment has been fixed, and the individual liability of each stockholder has thus been ascertained, the enforcement of such liability is the proper subject of a

suit at law, in which the separate rights of the defendant stock-
holders are distinctively to be considered.' "  1 Pom. Eq. Jur.
(4th ed.) 414, § 251½

This court being without jurisdiction, and the Court of Appeals
having jurisdiction to review the case, it should be transferred to
the Court of Appeals.