## WHITEHEAD v. SHATTUCK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF IOWA.

No. 128. Argued and submitted January 6, 1891. — Decided January 26, 1891.

The bill alleged that the plaintiff was the owner in fee of the premises, but held the title as trustee; that notwithstanding his ownership of the property and his right to its immediate possession and enjoyment, the

defendants claimed title to it and were in its possession, holding the same openly and adversely to him; that their claim of title was without foundation in law or equity; and that it was made in fraud of the rights of the plaintiff. To this bill the defendants demurred, on the ground, among others, that it appeared from it that the plaintiff had a plain, speedy and adequate remedy at law, by ejectment, to recover the real property described, and that it showed no ground for equitable relief. The demurrer was sustained. *Held*, that the ruling of the court below was right.

When the right set up by the plaintiff is a title to real estate, and the remedy sought is its possession and enjoyment, that remedy should be sought at law, where both parties have a constitutional right to call for a jury.

The provision in the Code of Iowa that " an action to determine and quiet the title to real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against any person claiming title thereto, though not in possession," although construed by the courts of that State as authorizing a suit in equity to recover possession of real estate from the occupant in possession of it, does not enlarge the equity jurisdiction of federal courts in that State, so as to give them jurisdiction over a suit in equity in a case where a plain, adequate and complete remedy may be had at law.

*Holland* v. *Challen*, 110 U. S. 15, explained and distinguished from this case.

THIS was a suit in equity to quiet the title of the plaintiff, as trustee of the Des Moines and Fort Dodge Railroad Company, a corporation of Iowa, to certain real property in the county of Humboldt in that State, of the value of five thousand dollars.

The bill alleged that the plaintiff was the owner in fee of the premises, but held the title as trustee aforesaid; that notwithstanding his ownership of the property and his right to its immediate possession and enjoyment, the defendants claimed title to it and were in its possession, holding the same openly and adversely to him; that their claim of title and right of possession was founded upon a preëmption and homestead claim, and entry thereunder, made in the United States land office, a certificate of such entry given by that office, and a patent issued by the Land Department of the United States of the land as subject to entry; and also upon a subsequent deed of the Iowa Homestead Company, the grantee of the Dubuque and Sioux City Railroad Company, which latter company claimed title under the act of Congress of May, 1856,

making a grant of land to Iowa to aid in the construction of certain railroads in that State, and a certificate of the proper officer of the Land Department of the United States setting apart the lands to that company as a portion of the grant.

The bill charged that the claim and pretended title of the defendants were without foundation in law or equity ; that they were made in fraud of the rights of the plaintiff; that the preëmption and homestead claim, and entry thereunder, and the certificate of entry of the land office, and the patent of the United States, were fraudulently made, giving as a reason therefor that the land thus entered and patented was not at the time subject to entry and patent, and that the deed of the Iowa Homestead Company conveyed no title, for the reason alleged that the land was no part of the grant to the State ; and that these evidences of title were procured without legal right and in violation of law, but were clouds upon the plaintiff's title, and interfered with and prevented the sale of his property. He therefore prayed that the certificate of entry, and the patent of the land, and the certificate of the Land Department that the land was a part of the grant to the State of Iowa, and the deed of the Homestead Company, might be annulled and cancelled, and the cloud upon his title caused thereby removed, and the title to the premises be established and quieted in him.

To the bill the defendants demurred, on the ground, among others, that it appeared from it that the plaintiff had a plain, speedy and adequate remedy at law, by ejectment, to recover the real property described, and that it showed no ground for equitable relief. The demurrer was sustained by the court below, and a decree entered dismissing the bill. From this decree the plaintiff appealed to this court.

*Mr. J. F. Duncombe* for appellant.

The Iowa statute under which this suit is brought, gives the right to bring an action "to determine and quiet the title of real property," "whether in or out of possession," to "any one having or claiming an interest " in real property.

The case of *Lewis* v. *Soule*, 52 Iowa, 11, holds that an action to quiet title to real property may be brought against a person in the possession thereof, under this statute, "in all cases where the defendant makes some claim adverse to the estate of plaintiff." The defendants claimed to be the *owners*, and that the court held to be sufficient. The same doctrine is held in *Lees* v. *Wetmore*, 58 Iowa, 170; and in *Wyland* v. *Mendell*, 78 Iowa, 739. This is our case precisely, passed upon by the Iowa courts.

In the case of *Holland* v. *Challen*, 110 U. S. 15, the court construed the statute of the State of Nebraska, which reads as follows: "That an action may be brought and prosecuted to final decree or order, by any person or persons, *whether in actual possession or not*, claiming title to real estate, against any person or persons who claim an adverse estate or interest therein, for the purpose of determining such estate or interest and quieting the title to such real estate." The wording of this statute and that of sec. 3273, Code of Iowa, is somewhat different, but the substance and meaning of the two statutes are the same.

In *Holland* v. *Challen* this court, as we understand it, held that where there is a statute creating or enlarging an equitable right, a United States Court of Equity has jurisdiction to enforce that right precisely the same as a court of equity would have jurisdiction to enforce any other equitable right, and that such "equitable rights may be administered by the Circuit Courts of the United States as well as by the courts of the State."

Now does our Iowa statute enlarge the equitable right to have one's title quieted in an action in chancery so as to include a case where the complainant is not in possession and the defendant is in possession, claiming title adverse to complainant? Fortunately the Supreme Court of the United States has answered that question in *Reynolds* v. *Crawfordsville First National Bank*, 112 U. S. 405. That was a bill in equity to quiet title and restrain waste filed by the bank against the appellant, Reynolds. The prayer of the bill was for a decree quieting the title of the bank in the property and

enjoining waste by Reynolds.  A decree was entered quieting complainant's title and declaring the deed to Reynolds void — this being the deed complained of in the bill of complaint under which he claimed title.  Reynolds appealed.  The Supreme Court affirmed the decree.

These cases certainly hold that the United States courts will enforce these same equitable rights given by a state statute, when, by the decisions of the state court construing such a statute, complainant avers sufficient in his bill to give him the right in the state courts, to maintain an equitable action; which has been done in this case.

*Mr. Charles A. Clark* for appellees.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

The facts set forth in the bill of the plaintiff clearly show that he has a plain, adequate and complete remedy at law for the injuries of which he complains.  He alleges that he is the owner in fee, as trustee, of certain described lands in Iowa, and his injuries consist in this: that the defendants are in the possession and enjoyment of the property, claiming title under certain documents purporting to transfer the same, which are fraudulent and void.  If the owner in fee of the premises, he can establish that fact in an action at law; and if the evidences of the defendants' asserted title are fraudulent and void, that fact he can also show.  There is no occasion for resort to a court of equity, either to establish his right to the land or to put him in possession thereof.

The sixteenth section of the Judiciary Act of 1789, 1 Stat. 82, c. 20, declared " that suits in equity shall not be sustained in either of the courts of the United States, in any case where plain, adequate and complete remedy may be had at law," and this provision has been carried into the Revised Statutes, in section 723.  The provision is merely declaratory, making no alteration whatever in the rules of equity on the subject of legal remedies, but only expressive of the law which has governed proceedings in equity ever since their adoption in the

courts of England. The term "speedy" as used in the demurrer is embraced by the term "complete" in the statute.

The Seventh Amendment of the Constitution of the United States declares that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." That provision would be defeated if an action at law could be tried by a court of equity, as in the latter court a jury can only be summoned at its discretion, to ascertain special facts for its enlightenment. *Lewis* v. *Cocks*, 23 Wall. 466, 470; *Killian* v. *Ebbinghaus*, 110 U. S. 568, 573; *Buzard* v. *Houston*, 119 U. S. 347, 351. And so it has been held by this court "that whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury." *Hipp* v. *Babin*, 19 How. 271, 278.

It would be difficult, and perhaps impossible, to state any general rule which would determine, in all cases, what should be deemed a suit in equity as distinguished from an action at law, for particular elements may enter into consideration which would take the matter from one court to the other; but this may be said, that, where an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law. An action for the recovery of real property, including damages for withholding it, has always been of that class. The right which in this case the plaintiff wishes to assert is his title to certain real property; the remedy which he wishes to obtain is its possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury.

What we have thus said will be sufficient to dispose of this case; but some consideration is due to the arguments of counsel founded upon the statutes of Iowa, and the principle supposed to have been established by this court in the decision of the case of *Holland* v. *Challen*, 110 U. S. 15, upon which the plaintiff relies.

The Code of Iowa enacts that "an action to determine and quiet the title to real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against any person claiming title thereto, though not in possession," implying that the action may be brought against one in possession of the property. And such has been the construction of the provision by the courts of that State. *Lewis* v. *Soule*, 52 Iowa, 11; *Lees* v. *Wetmore*, 58 Iowa, 170. If that be its meaning, an action like the present can be maintained in the courts of that State, where equitable and legal remedies are enforced by the same system of procedure, and by the same tribunals. It thus enlarges the powers of a court of equity, as exercised in the state courts; but the law of that State cannot control the proceedings in the federal courts, so as to do away with the force of the law of Congress declaring that "suits in equity shall not be sustained in either of the courts of the United States, in any case where a plain, adequate and complete remedy may be had at law," or the constitutional right of parties in actions at law to a trial by a jury.

The State, it is true, may create new rights and prescribe the remedies for enforcing them, and, if those remedies are substantially consistent with the ordinary modes of proceeding in equity, there is no reason why they should not be enforced in the courts of the United States, and such we understand to be the effect of the decision in *Clark* v. *Smith*, 13 Pet. 195, and *In re Broderick's Will*, 21 Wall. 503.

In *Holland* v. *Challen*, 110 U. S. 15, a bill was filed to quiet title under a statute of Nebraska, which provided that an action might be brought by any person, in possession or not, claiming title to real estate, against any person who claimed an adverse estate or interest therein, for the purpose of determining such estate or interest and quieting the title. The bill alleged that the plaintiff was the owner in fee simple, and entitled to the possession of the real property described. It then set forth the origin of his title, and alleged that the defendant claimed an adverse estate or interest in the premises, and that this claim so affected his title as to render a sale or

other disposition of the property impossible, and disturbed him in his right of possession. He therefore prayed that the defendant might be required to show the nature of her adverse estate or interest; that the title of the plaintiff might be adjudged valid and quieted as against her and parties claiming under her, and his right of possession assured; and that the defendant might be decreed to have no estate in the premises and be enjoined from in any manner injuring or hindering the plaintiff in his title and possession. The defendant demurred to the bill, on the ground that the plaintiff had not made or stated such a case as entitled him to the discovery or relief prayed. The court below sustained the demurrer, dismissed the bill, and the case was brought to this court, where the decree was reversed and the bill sustained.

It was urged that the title of the plaintiff to the property had not been by prior proceedings judicially adjudged to be valid, and that he was not in possession of the property, the contention of the defendant being that, when either of these conditions existed, a court of equity would not interpose its authority to remove a cloud upon the title of the plaintiff and determine his right to the possession of the property. The court replied that "the statute of Nebraska enlarges the class of cases in which relief was formerly afforded by a court of equity in quieting the title to real property. It authorizes the institution of legal proceedings not merely in cases where a bill of peace would lie, that is, to establish the title of the plaintiff against numerous parties insisting upon the same right, or to obtain repose against repeated litigation of an unsuccessful claim by the same party; but also to prevent future litigation respecting the property by removing existing causes of controversy as to its title, and so embraces cases where a bill *quia timet* to remove a cloud upon the title would lie." p. 18.

The court then explained that a bill of peace would lie only where the plaintiff was in possession and his right had been successfully maintained, and that the equity of the plaintiff in such cases arose from the protracted litigation for the possession of the property which the action of ejectment at common

law permitted; and that to entitle the plaintiff to relief in such cases there must be a concurrence of three particulars — the possession of the property by the plaintiff, the disturbance of his possession by repeated actions at law, and the establishment of his right by successive judgments in his favor. Upon these facts appearing, the court would interpose and grant a perpetual injunction to quiet the possession of the plaintiff against any further litigation from the same source. It was also observed, that a change in the form of the action for the recovery of real property had taken place from that which formerly existed, and that the judgment rendered in such cases in some states became a bar to future litigation upon the subjects determined; and that in such cases there could be no necessity of repeated adjudications at law upon the right of the plaintiff, as a preliminary to his invoking the jurisdiction of a court of equity to quiet his possession against an asserted claim to the property. The court also explained when a bill *quia timet* would lie, and in what respect such a bill differed from a bill of peace. It was brought, it said, not so much to put an end to vexatious litigation respecting the property, as to prevent future litigation, by removing existing causes of controversy as to its title. It was designed to meet anticipated wrongs or mischiefs, the jurisdiction of the court being invoked because the party feared future injury to his rights and interests. To maintain a suit of this character, it was said, it was also generally necessary that the plaintiff should be in possession of the property, and, except where the defendants were numerous, that his title should have been established at law, or be founded on undisputed evidence or long-continued possession.

The statute of Nebraska authorized a suit in either of these classes of cases, without any reference to any previous judicial determination of the validity of the plaintiff's right, and without any reference to his possession; and the court pointed out the many advantages which would arise by allowing courts to determine controversies as to the title to property, even when neither party was in possession, referring particularly to what is a matter of every-day observation, that many lots of land in our cities remain unimproved because of conflicting claims to

them, the rightful owner hesitating to place valuable improvements upon them, and others being unwilling to purchase them, much less to erect buildings upon them, with the certainty of litigation and possible loss of the whole; and observing that what is true of lots in cities, the ownership of which is in dispute, is equally true of large tracts of land in the country which are unoccupied and uncultivated, because of the unwillingness of persons to take possession of such land, and improve it in the face of a disputed claim to its ownership. An action for ejectment, said the court, would not lie where there is no occupant; and if no relief can be had in equity because the party claiming ownership is not in possession, the land must continue in its unimproved condition. It was, therefore, manifestly for the interest of the community that conflicting claims to property thus situated should be settled, so that it might be subjected to use and improvement. It was, said the court, to meet cases of this character, that statutes, like the one of Nebraska, had been passed by several States, and there was no good reason why the right to relief against an admitted obstruction to the cultivation, use and improvement of lands thus situated in the States should not be enforced by the federal courts when the controversy to which it might give rise was between citizens of different States. All that was thus said was applied simply to the case presented where neither party was in possession of the property. No word was expressed, intimating that suits of the kind could be maintained in the courts of the United States where the plaintiff had a plain, adequate and complete remedy at law; and such inference was specially guarded against. Said the court, "No adequate relief to the owners of real property against the adverse claims of parties not in possession can be given by a court of law. If the holders of such claims do not seek to enforce them, the party in possession, or entitled to possession — the actual owner of the fee — is helpless in the matter, unless he can resort to a court of equity. It does not follow that by allowing, in the federal courts, a suit for relief under the statute of Nebraska, controversies properly cognizable in a court of law will be drawn into a court of equity. There can be no

controversy at law respecting the title to or right of possession of real property, when neither of the parties is in possession. An action at law, whether in the ancient form of ejectment, or in the form now commonly used, will lie only against a party in possession. Should suit be brought in the federal court, under the Nebraska statute, against a party in possession, there would be force in the objection that a legal controversy was withdrawn from a court of law; but that is not this case, nor is it of such cases we are speaking." It is thus seen that the very case that is now before us is excepted from the operation of the ruling in *Holland* v. *Challen*, or at least was designedly left open for consideration whenever similar relief was sought where the defendant was in possession of the property.

Nor can the case of *Reynolds* v. *National Bank*, 112 U. S. 405, be deemed to sustain the plaintiff's contention. It was there only held that the legislation of the State may be looked to in order to ascertain what constitutes a cloud upon a title, and that such cloud could be removed by a court of the United States sitting in equity in a suit between proper parties. The question did not arise as to whether the plaintiff had a plain, adequate and complete remedy at law, but whether a suit to remove the cloud mentioned would lie in a federal court. Nothing was intended at variance with the law of Congress excluding the jurisdiction of a court of equity where there is such a full remedy at law, or in conflict with the constitutional guaranty of the right of either party to a trial by jury in such cases. In *Frost* v. *Spitley*, 121 U. S. 552, 557, subsequently decided, the court referred to *Holland* v. *Challen* as authorizing a bill in equity to quiet title in the Circuit Court of the United States for the District of Nebraska by a person not in possession, " if the controversy is one in which a court of equity alone can afford the relief prayed for," recognizing that the decision in that case went only to that extent.

*Judgment affirmed.*