### SIGUA IRON CO. v. CLARK et al.

(Circuit Court, E. D. Pennsylvania. December 14, 1896.)

EQUITY JURISDICTION—BILL TO COLLECT STOCK SUBSCRIPTION—LEGAL DEFENSE.
    The fact that a resolution of the board of directors of a corporation under which a stockholder claims release from liability on his subscription is alleged to be fraudulent and void, will not give equity jurisdiction of a bill against the stockholder to collect the subscription. The invalidity of the resolution must be shown at law.

J. Hampton Barnes, A. H. Wintersteen, and Geo. Tucker Bispham, for plaintiffs.

J. S. Clark and R. C. Dale, for defendant.

DALLAS, Circuit Judge. The substance of the allegations of the bill of complaint in this case may be restated from the brief of complainant, as follows:

"First. That the defendants subscribed to certain shares of stock, and that the subscription has not been paid. Second. That the defendants refused to pay, on the ground that when they took the shares they had an understanding with the persons who were engaged in organizing the company that they (the shares) should be held for the company in order that they might be used in a settlement of one of the company's construction contracts; that the shares were not so used

because the contract in question fell through; and that thereafter a resolution was passed by the directors of the company directing a transfer of the stock to the company's treasurer as trustee. Third. That there was no such understanding with the company or its organizers; and that, even if there was, it was, in substance, an agreement by the company to accept certain of its own shares, which agreement would be void as to creditors. Fourth. That an action at law has been brought in this court by the company against the defendants to recover the subscription, but that there is danger that the recovery may be defeated by the resolution,—the effect of the resolution might be to create a defense good in law, although invalid in equity."

The prayers are for discovery, for cancellation of the resolution, for injunction against setting it up as a defense to the common law action, and for general relief. The case has been heard upon demurrer to the bill.

I do not find it necessary to discuss the merits, and therefore will not do so. The conclusion at present reached is based solely upon the ground that a case for the equitable cognizance of this court has not been presented, and beyond that I intimate no opinion. In Stewart v. Railway Co., 2 De Gex, J. & S. 321, Lord Chancellor Westbury said:

"An instrument has been improperly obtained. The plaintiffs are entitled to have the power to use it taken out of the defendants' hands, and they are not to be called on to submit the whole case to this court as the price of its interference."

The gist of the complaint and the object of the bill were the same in that case as in this. An instrument had been improperly obtained, and its use as a defense in a pending action at law was sought to be prevented. There was a demurrer for want of equity, but the court sustained the bill. This was done upon a ground of equitable jurisdiction, which, though "an old and well-ascertained" one in England, is, in such a case as this, inadmissible in the courts of the United States, because their jurisdiction as courts of equity is restricted by the requirement that, "whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law." This plaintiff has proceeded at law, and may in that proceeding attain the end which he proposes to accomplish by this one. Therefore this one cannot be sustained. In Whitehead v. Shattuck, 138 U. S. 150, 11 Sup. Ct. 276, Mr. Justice Field, speaking for the supreme court, said:

"The facts set forth in the bill of the plaintiff clearly show that he has a plain, adequate, and complete remedy at law for the injuries of which he complains. He alleges that he is the owner in fee, as trustee, of certain described lands in Iowa, and his injuries consist of this: that the defendants are in possession and enjoyment of the property, claiming title under certain documents purporting to transfer the same, which are fraudulent and void. If the owner in fee of the premises, he can establish that fact in an action at law; and, if the evidences of the defendants' asserted title are fraudulent and void, that fact he can also show."

In the case before this court the complainant alleges that it is entitled to recover from the defendants the amount of their subscription to stock, and its injury consists in this: that the defendants are claiming immunity under a certain document purporting

to exonerate them from liability, which is fraudulent and void. But surely, if it be so, the fact can, and therefore must (under Whitehead v. Shattuck), be shown in the action at law. See, also, Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, and Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712.

Without prejudice to any right of the plaintiff respecting the matters alleged in the bill if set up in the action at law, the bill of complaint is dismissed, with costs.