# JOSÉ SOSA OLIVA, Plff.,

*v.*

# JOSÉ G. CALDERON ET AL., Dfts.

San Juan, Equity, No. 927.

INJUNCTION AS TO FENCE AND CATTLE.

Equity—Pleading and Practice—Motion to Dismiss.

1. Where the defendants did not answer a rule to show cause, issued upon a sworn petition, why a preliminary injunction should not be granted, but instead thereof filed a motion to dismiss, it will be taken that the defendants rested their case upon the motion to dismiss.

Equity—Injunction—Local Statute.

2, 3. Even when a local statute allows an injunction in case of the forcible removal of a boundary fence, the Federal courts will not entertain an action in equity where the plaintiff has an adequate remedy at law, but if repeated trespasses are alleged, equity will interfere to prevent a multiplicity of suits.

Opinion filed July, 27, 1916.

*Mr. J. R. F. Savage* for plaintiff.

*Mr. J. H. Dexter* for defendants.

HAMILTON, Judge, delivered the following opinion:

On July 12, 1916, the plaintiff filed his bill in this case, claiming to be the owner of a certain piece of land of 80 cuerdas

Oliva v. Calderon.

in the municipality of Rio Grande, and that when he acquired the same in 1912 it was bounded upon the west by a certain fence, which the plaintiff has since that time maintained, and that he has been in possession of the property as so inclosed, using it for pasturage for cattle. That in April, 1916, the defendants violently removed and destroyed the fence and forcibly and illegally prevented plaintiff from replacing it, and as a result the cattle of the defendants have entered the said property of plaintiff, and it has been found necessary to remove the cattle of plaintiff. The plaintiff has been forcibly and illegally deprived of the use of this portion of his property, and unless defendants are prevented from entering upon the property of plaintiff, interfering with his possession, and from damaging, destroying, or removing the fence, plaintiff will be wholly deprived of the use of said property. The bill is sworn to. Upon sworn petition a rule is granted to the defendants to show cause why a preliminary injunction should not issue. Upon the return day the defendants made no answer as such, but filed a motion to dismiss the bill upon the ground that the bill sets forth no facts or cause of action cognizable by the courts of equity of the United States, and because plaintiff has no (*sic*) adequate remedy at law.

1. It would be better practice if defendants should file a formal answer or return to a rule to show cause why injunction should not issue. The petition, rule, and answer would then make up the pleading in the case, and the matter could be better handled. In the case at bar, there being no formal answer, it will be taken that the defendants rest their defense upon the motion to dismiss. If the motion to dismiss is upheld, of course the case will fall and nothing further would be needed.

Oliva v. Calderon.

On the other hand, if the motion to dismiss is overruled, it must be supposed that the plaintiff has no other defense, that in effect, as in a demurrer, he admits the facts set out in the petition, and the injunction will issue as granted.

2. The defendants rest their case upon the principle that the jurisdiction of this court does not apply to facts such as those at bar. It seems that there is a recent act of the local legislature allowing an injunction in case of forcible removal of boundary fences. Injunctions, therefore, must be granted or refused on the general principles of courts of equity, and not by local enactment. Boyle v. Zacharie, 6 Pet. 647, 648, 8 L. ed. 532. There is no question about this principle, and it is not disputed by the plaintiff. The grant of equity powers by the Constitution of the United States is absolute, and cannot be controlled by local legislation. The equitable jurisdiction of the courts of chancery, certainly as it existed at the time of the Constitution, and probably as it has developed since from the principles then acknowledged, is the equitable jurisdiction of the courts of the United States. Foster, Fed. Pr. § 81. The jurisdiction of the district court in equity is no more dependent upon local law than is the corresponding constitutional grant of admiralty and bankruptcy jurisdiction. The principal occasion when Federal courts are governed by local legislation is when they are enforcing local law in cases dependent upon differing citizenship. It is true that in some matters of practice, such as *lis pendens,* the Federal court in Porto Rico must take local laws, such as those as to registration, into account under the further provision of the organic act continuing local laws in force. Romeu v. Todd, 206 U. S. 358, 51 L. ed. 1093, 27 Sup. Ct. Rep. 724. Local law may create a new right, and if this

Oliva v. Calderon.

falls within the remedies exercised by Federal courts, it will be enforced at law or in equity, as the case may be. This, however, does not supersede the principle that an equitable remedy will not be granted if that at law is adequate. Foster, Fed. Pr. § 82; Whitehead v. Shattuck, 138 U. S. 152, 34 L. ed. 874, 11 Sup. Ct. Rep. 276.

3. What, then, is the jurisdiction of this court in regard to facts such as those set out in the bill? Revised Statutes, § 723, affirming the general principle of equity, prohibits suits in equity "where a plain, adequate, and complete remedy may be had at law." This is applicable to every form of action in the Federal courts, regardless of local laws adding or lessening jurisdiction. Wehrman v. Conklin, 155 U. S. 314, 315, 39 L. ed. 167, 15 Sup. Ct. Rep. 129.

"A Federal court will not entertain a suit to quiet title to land of which defendant is in the actual possession, when the bill is filed, though such suit is authorized by a state statute." Taylor v. Clerk, 89 Fed. 7.

"A Federal court is without jurisdiction of a suit in equity to determine or quiet the title to real estate of which defendant is in possession, though such a suit is authorized by the statute of the state, as the effect would be to draw into a court of equity a controversy properly cognizable at law." Davidson v. Calkins, 92 Fed. 230, 231.

"Where an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law." Whitehead v. Shattuck, 138 U. S. 146, 151, 34 L. ed. 873, 874, 11 Sup. Ct. Rep. 276.

An owner of land has a plain, adequate, and complete remedy

Oliva v. Calderon.

at law against one in possession claiming title under documents which are fraudulent and void, and he need not resort to a court of equity to establish his right or put him in possession. Whitehead v. Shattuck, supra.

There is as little doubt, however, that equity will interfere in the case of threatened trespass where the result would be irreparable injury to the property itself, amounting to its practical destruction, and also where many actions at law would necessarily have to be brought for trespass. This is an instance of the application of the old principle, that equity will interfere to prevent a multiplicity of actions at law. 3 Pom. Eq. Jur. § 1357, 2d ed. Instances of this are found in the threatened unlawful and continuous entrance upon lands for mining and threatened drawing of water from a mill race. And there are many other such cases. 22 Cyc. 825.

The line of cleavage as to jurisdiction seems to be in the actual possession. Where a defendant has taken possession of land claimed by him and the plaintiff, the remedy of the plaintiff is by an action at law. In Porto Rico, while there is a proceeding for unlawful detainer after expiration of a right to land, desahucio (Act of March 9, 1915, 184; Compilation, § 1625), there is a proceeding corresponding to that usual in the states for forcible entry, which is the case at bar. Nevertheless, if the facts are that the piece of land in question between the brook and the old fence is claimed by both parties, has been taken by the defendants from the plaintiff, and the defendants are in the full possession thereof, the remedy of the plaintiff is not in equity, but at law. In such case, under equity rule 22, the court would not dismiss the case, but would transfer it from the equity to the law docket. On the other hand, if it is

Oliva v. Calderon.

not a case of dispossession, but of unlawfully tearing down plaintiff's fence and repeatedly letting defendants' cattle in upon plaintiff's property, it would amount to a multiplicity of trespasses, and would come within the jurisdiction of this court. What the facts are the court has no means of knowing, outside of the sworn complaint itself, the defendants having introduced no evidence.

It cannot be said that the allegations of the bill are clear on this point. The word "trespass" is not used, and the facts set out are equally consistent with disseisin as with trespass. In fact, as the land seems to be used only for pasturage, and the plaintiff has wholly removed his cattle, while on the other hand the defendants have put their cattle on the property, the inference might be that there has been a complete dispossession of the plaintiff. At all events, the facts are not sufficiently clear to justify the court in allowing the extraordinary remedy of injunction *pendente lite*.

It follows that the application for preliminary injunction must be refused, with the right allowed, however, to renew the application in future if the facts can be shown to justify it.

It is so ordered.