## ROCKY MOUNTAIN FUEL CO. v. NEW STANDARD COAL MINING CO.

### No. 1410.

Circuit Court of Appeals, Tenth Circuit.

March 23, 1937.

Albert L. Vogl, of Denver, Colo. (Frank A. Wachob, of Denver, Colo., on the brief), for appellant.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

On December 4, 1933, appellant, a Wyoming corporation, sublet for a term of fifteen years an operating coal mine in Boulder County, Colorado, to nine individuals constituting a partnership. They operated the mine and shipped coal therefrom until April 9, 1935, when with consent of appellant they assigned the sublease to appellee, a Colorado corporation organized by them. The Colorado corporation agreed to abide by and perform the terms of the sublease. Shortly thereafter a controversy arose between appellant and appellee as to who should pay for hospital and medical services that had been rendered to two of appellee's employes, Stottman and Brierly, in a total sum of $654.15. The 12th paragraph of the sublease contains this:

"It is further agreed between the parties hereto that the Lessees, shall at all times during the term of this agreement insure, and continuously keep insured, for the amounts of compensation and liabilities, specified in the Workmen's Compensation Laws of the State of Colorado, without any lapse whatsoever, each and all of the employes of the Lessees and all other persons whatsoever working in and on said premises, and such insurance shall be obtained in advance of the commencement of any work on said premises by any employe or other person; and the Lessees hereby further agree with the Lessor to keep the Lessor fully informed at all times of the amounts of any and all policies and other contracts insuring said employes and other persons, and of the name of the insurer, and that failure of the Lessees to so obtain and maintain such insurance shall forthwith forfeit and terminate this lease without notice, and authorize the Lessor to re-enter into possession of said premises, with or without process of law."

The position apparently taken by appellee was that prior to the beginning of operation of the mine by appellee the appellant offered to carry appellee's insurance. Appellant conceded that it offered to carry at appellee's expense its compensation insurance, as it could do so and save some cost to appellee. In fact, during the controversy it stated in writing its position on the subject to appellee thus:

"The Workmen's Compensation Laws of the State of Colorado provides for two types of benefits—one a financial payment to an injured employee from time to time under orders of the State Industrial Commission, the second type of benefit is what is known as medical and hospital services. Because of this provision of the law your lease specifically provided for you to keep insured 'amounts of compensation and liabilities,' term liabilities covers medical and hospital service.

"In order to help you out and to save you money on premiums we consented to carry your employees upon our compensation policy with the Employers' Mutual Insurance Company. This policy covers only compensation and does not cover any hospital or medical services, and such hospital and medical services must be insured separately."

The point in controversy was discussed between representatives of the two companies. No action was taken or promised by appellee to protect appellant on its claimed liability to Stottman and Brierly and other like claims that might arise in the future. Appellee insisted that appellant was liable for such claims, notwithstand-

ing the terms of the sublease. The result was that appellant took possession of the leased premises claiming that the sublease gave it the right to do so. Thereupon appellee brought this suit. It is alleged that it had kept all the terms of the sublease since the assignment and its assignors (the partners) had fully abided by and kept its terms prior to the assignment; that appellant through its agents entered upon the premises on June 19, 1935, and unlawfully ordered the plaintiff therefrom, but that appellee's officers and employés refused to relinquish possession; that appellant by unlawful conduct and action is molesting, annoying and interfering with the plaintiff in that it is preventing the plaintiff from properly operating the mine and conducting its business by reason of the fact that defendant's employés are loitering about the premises subleased and unless restrained from such conduct plaintiff will suffer great and irreparable loss; that the plaintiff has no speedy and adequate remedy at law, and it prayed that defendant's officers and agents be enjoined from molesting. annoying and interfering to require defendant to restore certain with plaintiff's operation of the mine and notices that had been posted at the mine, as required by the Workmen's Compensation Act (Laws Colo.1919, p. 700, as amended). It also prayed for judgment in a named sum, but stated no obligation of the defendant to the plaintiff for that sum. Presumptively it was charges for hospital and medical services rendered to plaintiff's employés, Stottman and Brierly, though it did not allege plaintiff had paid those charges and would pay like charges in the future or insure their payment.

The defendant, appellant here, in its answer denied the allegations of the complaint and alleged that the bill stated no ground for equitable relief and disclosed on its face that plaintiff had a full, speedy and adequate remedy at law, to-wit, an action for possession. It set out paragraphs of the sublease on which it relied for its asserted right to take possession of the premises. It alleged the failure of plaintiff to take out insurance covering liabilities for hospital and medical services for its employés.

The plaintiff replied to the answer at length. The reply and the answer have attached exhibits showing that the controversy was over the plaintiff's failure to protect appellant against liability for hospital and medical services to its employés.

The reply denies that the defendant took possession of the mine and alleges that the plaintiff and its assignor "has from the date of the entering into the sublease with defendant herein had continuous and unbroken possession of the Standard Mine."

When it came to final hearing the proof showed beyond question or doubt that the defendant ousted the plaintiff from the mine on June 19, 1935, and thereafter wholly excluded plaintiff and its employés therefrom. There is undisputed testimony that after defendant took possession plaintiff's employés, one or. two at a time, remained above ground on and around the premises day and night, sleeping occasionally in what is called the office building, and one or more remained in dwellings on the premises. All of this, of course, was within the knowledge of defendant's employés who were there in charge of the premises and to which there was no objection, but none of plaintiff's employés again went down into the mine. Defendant kept a watchman at the mine. It was manned by defendant's employés who kept the pumps going to keep out the water. They took the mules that plaintiff had used below out of the mine. No coal was mined by anyone after defendant went into possession, except by defendant for pumping. Plaintiff's vice-president testified that defendant's employés nailed up the engine room and boiler room "and we couldn't get in." Plaintiff as lessee was entirely excluded. All machinery and appliances for operation belonged to defendant.

Appellee has made no appearance in this court. We have not had the benefit of counsel in its behalf either on the facts or the law.

No injunctive order of any kind was issued against defendant, either prohibitive or mandatory. The court in its decree attempted to ascertain and adjudicate the rights of the parties. We think there is irreconcilable contradiction in its terms. We do not set out all of the facts adduced for the reason that we believe the case should have been disposed of in limine on the challenge repeatedly made that the facts stated and the facts developed at the hearing demonstrated that there was no equity jurisdiction and plaintiff's remedy was at law by a possessory action. Obviously ejectment would, have afforded a plain, adequate and complete remedy. 28 U.S.Code, § 384 (28 U.S.C.A. § 384); Hipp v. Babin, 19 How. 271, 277, 278, 15 L.Ed. 633; Lewis v. Cocks, 23 Wall. 466,

469, 23 L.Ed. 70; United States v. Bitter Root Development Co., 200 U.S. 451, 26 S.Ct. 318, 50 L.Ed. 550; Root v. Woolworth, 150 U.S. 401, 410, 14 S.Ct. 136, 37 L. Ed. 1123; Whitehead v. Shattuck, 138 U.S. 146, 150, 151, 11 S.Ct. 276, 34 L.Ed. 873; Ewert v. Robinson (C.C.A.) 289 F. 740, 35 A.L.R. 219; Colorado Code Civil Procedure 1921, c. 23 (section 285 et seq.).

The decree adjudged that the defendant remove its men from the Standard Mine and forthwith surrender the property described in the complaint to the plaintiff; that the sublease dated December 4, 1933, "is now in full force and effect according to the terms thereof and without any modification whatsoever"; (but it did not adjudge that the sublease was in force and effect at the time defendant took possession for condition broken, which expressly authorized defendant to take possession). It further adjudged that plaintiff is liable for and shall pay all bills incurred "for medical and hospital services rendered to Florian Stottman and Jack Brierly"; and that by the terms of the sublease the lessee thereunder agreed to protect the lessor from all claims for personal injuries arising out of the lessee's operation of the mine. It further adjudged that plaintiff should pay the defendant the sum of $1844.24, $1344.24 of which was to be in coal at the market price. The court's findings of fact shows that the $1844.24 was for the cost to defendant of pumping and keeping the mine free from water, retimbering, preserving and maintaining the property in operating condition on June 19, 1935, when defendant took possession and thereafter until the decree was rendered.

As previously observed, appellant contended that it took possession of the mine lawfully and according to the express terms of the sublease because appellee had not protected it against liability for services rendered to Stottman and Brierly and other like claims that might arise. That was unquestionably a breach of the sublease and on account thereof appellant was within its rights under the lease when it took possession. The decree further said that plaintiff, appellee here, was liable for and should pay for that service, yet the decree orders appellant to surrender possession of the mine to appellee. Nor can we reconcile liability of the sublessee to the lessor for $1844.24, if it wrongfully took possession of the mine. But we do not pass upon the merits. We reverse the decree because

the court was without equity jurisdiction and direct the District Court to vacate it and to dismiss the bill without prejudice to appellee to institute and prosecute a proper action.