In re SOUTHEAST CONNECTORS, INC., Debtors.

Robert L. ROTH, Trustee, Plaintiff,

v.

Marc IACOVELLI, Defendant.

No. 90–0360–CIV.
Bankruptcy No. 89–14055–BKC–MW.
Adv. No. 89–0582–BKC–SMW A.

United States District Court,
S.D. Florida.

April 6, 1990.

Herbert Stettin, P.A., Miami, Fla.

Robert L. Roth, P.A., Miami, Fla., trustee.

ORDER GRANTING DEFENDANT'S
MOTION FOR WITHDRAWAL OF
ORDER OF REFERENCE

JAMES LAWRENCE KING, Chief Judge.

Defendant, Marc Iacovelli, has filed a motion requesting that this court withdraw its order of reference to the United States Bankruptcy Court for the Southern District of Florida.[1] Plaintiff[2] brought the above

---

1. Defendant files his motion pursuant to 28 U.S.C. § 157(d), which provides that:

   The district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] under this section, on its own motion or on timely motion of any party for cause shown....

2. Robert L. Roth files this action as the Bank-

captioned case to recover a specific parcel of real property alleged to have been fraudulently transferred by the bankrupt company. In his responsive pleading, defendant claims he has a right to a jury trial which is unavailable in bankruptcy court; consequently, he requests that the action be referred to the district court. Plaintiff opposes defendant's asserted right to a jury trial in this matter. Thus, the court must decide whether there is a right to a jury trial in this case. For the following reason, the court finds that defendant is entitled to a jury trial.

The seventh amendment to the United States Constitution provides: "[i]n suit at common law, where the value in controversy shall exceed twenty dollars, the right to jury trial shall be preserved ..." Thus, the dispositive issue here is whether plaintiff's action to recover alleged fraudulently conveyed real property is an action at common law.

From the time of *Whitehead v. Shattuck*, 138 U.S. 146, 151, 11 S.Ct. 276, 277, 34 L.Ed. 873 (1891), the Supreme Court has viewed actions for the recovery and possession of specific real property as actions at law. In *Whitehead*, the court stated that

> where an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgement, the action is one at law. An action for the recovery of real property, including damages for withholding it, has always been of that class. The right which in this case the plaintiff wishes to assert is his title to certain real property; the remedy which he wishes to obtain is its possession and enjoyment; and in a contest over title both parties have a constitutional right to call a jury.

*Id.* In *Pernell v. Southall Realty*, 416 U.S. 363, 370–374, 94 S.Ct. 1723, 1727–1729, 40 L.Ed.2d 198 (1974), the Supreme Court affirmed its holding in *Whitehead, supra*, 138 U.S. 146, 11 S.Ct. 276, stating that "[t]his court has long assumed that actions to recover land, like actions for damages to

a person or property, are actions at law triable to a jury." *Id.*

In the recent case of *Granfinanciera, S.A. v. Nordberg*, 492 U.S. ——, 109 S.Ct. 2782, 2792, 106 L.Ed.2d 26 (1989), the Supreme Court cited with approval its holding in *Whitehead, supra*, 138 U.S. 146, 11 S.Ct. 276. The issue before the court in *Granfinanciera* was whether a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer. However, the court did not limit its discussion to the issue *sub judice*. The court reiterated that actions for the recovery of fraudulently conveyed real property, like actions for monetary damages, are actions at law triable to a jury. *See id.* at 2792 n. 5. In this case, the trustee relied upon *In re Graham*, 747 F.2d 1383 (11th Cir.1984) and *Damsky v. Zavatt*, 289 F.2d 46 (2d Cir.1961); both cases acknowledged the right to jury trial with respect to monetary claims, but not with respect to recovery of fraudulently conveyed real estate. The Supreme Court stated in unmistakable terms that "[b]oth of these holdings are *questionable*, moreover, to the extent that they are in *tension* with our decision in *Whitehead v. Shattuck*, 138 U.S. 146, 11 S.Ct. 276, 34 L.Ed. 873 (1891)." *Id.* The court reasoned that "[a]lthough there is scholarly support for the claim that actions to recover real property are quintessentially equitable actions ... in *Whitehead* we stated: '*where an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law.*'" *Granfinanciera, supra*, 492 U.S. ——, 109 S.Ct. at 2792 n. 5 (quoting *Whitehead v. Shattuck, supra*, 138 U.S. 146, 151, 11 S.Ct. 276, 277) (emphasis added).

Here, the parties are contesting title to specific real property. The remedy which plaintiff seeks is the possession and enjoyment of the real property. Thus, in accord with the above precedents, this court must

ruptcy Court appointed trustee of Southeast Connectors, Inc.

hold that the suit here is an action at law triable to a jury. Consequently, this court's order of reference to the bankruptcy court is withdrawn. Accordingly, the court

ORDERS and ADJUDGES that defendant's motion be, and the same is hereby GRANTED.

DONE and ORDERED.