**In re BEELINE ENGINEERING & CONSTRUCTION, INC., Debtor.**

**BEELINE ENGINEERING & CONSTRUCTION, INC., Plaintiff,**

**v.**

**KEVIN J. D'ESPIES, P.A., Defendant.**

**Bankruptcy No. 91–23012–BKC–SMW.**

**Adv. No. 92–0083–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

April 28, 1992.

**1024**

Ronald Neiwirth, Miami, Fla., for plaintiff.

Susan Lasky, Ft. Lauderdale, Fla., for defendant.

## ORDER DENYING MOTION TO STRIKE DEMAND FOR JURY TRIAL AND ORDER OF ABSTENTION

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court on April 22, 1992 upon the plaintiff's Motion To Strike Demand For Jury Trial, and the Court having reviewed the motion, having listened to the argument of counsel, and being otherwise fully advised in the premise, does hereby make the following findings and conclusions:

On February 6, 1992 Beeline Engineering & Construction, Inc. (the "debtor") initiated this adversary proceeding seeking to recover an alleged preferential transfer from Kevin J. D'Espies, P.A. (the "defendant") pursuant to 11 U.S.C. § 547(b). The defendant answered the complaint on March 2, 1992 and demanded a jury trial with respect to the issues raised in the complaint. The debtor objects to the defendant's demand for jury trial asserting that the defendant has subjected himself to the jurisdiction of the Bankruptcy Court.

In *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the United States Supreme Court held that a party who has not submitted a claim against the bankruptcy estate is entitled to a jury trial under the Seventh Amendment when sued by the bankruptcy trustee to recover an allegedly fraudulent transfer. Subsequently, in *Langenkamp v. Culp,* 498 U.S. ——, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), *reh den Langenkamp v. Culp,* —— U.S. ——, 111 S.Ct. 721, 112 L.Ed.2d 709 (1991), the Supreme Court determined that creditors who had filed claims against the bankruptcy estate were not entitled to a trial by jury when sued by the trustee in bankruptcy to recover allegedly preferential monetary transfers. In *Langenkamp,* the Supreme Court, relying on *Granfinanciera,* reasoned that the filing of a proof of claim in the bankruptcy estate triggers the process of "allowance and disallowance of claims" thereby submitting the creditor to the equitable jurisdiction of the bankruptcy court. *Langenkamp,* 498 U.S. at ——, 111 S.Ct. at 331, 112 L.Ed.2d at 348.

The debtor asserts that the defendant has submitted itself to the jurisdiction of the Court by seeking affirmative relief in the main case. The defendant has not filed a proof of claim in the main case; however, the defendant did file an objection to the debtor's request for an extension of time within which to file its plan and disclosure statement. The objection of the defendant also requested that the Court consider the appointment of an examiner or a trustee, or alternatively the dismissal or conversion of the case. The debtor submits that the defendant's quest for affirmative relief in the main case subjects the defendant to the jurisdiction of this Court and precludes the defendant from demanding a jury trial in this proceeding.

The Court finds that the objection raised by the defendant in the main case does not suffice to constitute a waiver of the defendant's right to a jury trial in this proceeding. In *Langenkamp,* the Supreme Court specifically stated:

> "If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial."

*Langenkamp,* 498 U.S. at ——, 111 S.Ct. at 331, 112 L.Ed.2d at 348 (citing *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)).

The defendant has not filed a proof of claim in the bankruptcy proceeding and, as

such, is not a creditor of this estate. The objection filed by the defendant did not relate to the allowance or disallowance of claims in the main case. Similarly, the objection did not relate to the restructuring of the debtor-creditor relationship inasmuch as the defendant did not file a proof of claim and will not participate in any potential distribution by the bankruptcy estate. Hence, the Court concludes that the defendant has not submitted itself to the equitable jurisdiction of the bankruptcy court and is entitled to a jury trial on the issues raised in the debtor's complaint.

Judge Spellman of the United States District Court for the Southern District of Florida has determined that a bankruptcy court lacks the jurisdiction to conduct a jury trial. *In re I.A. Durbin, Inc.*, 62 B.R. 139 (S.D.Fla.1986). Accordingly, it is hereby:

ORDERED AND ADJUDGED that the Motion To Strike Demand For Jury Trial is denied. Because the defendant is entitled to a jury trial in this case, the Court hereby abstains from hearing the trial of this adversary proceeding.

DONE AND ORDERED.