**In re BEELINE ENGINEERING & CONSTRUCTION, INC.,**
Debtor.

**BEELINE ENGINEERING & CONSTRUCTION, INC., Plaintiff,**

v.

**Glenn J. MONEK and G.J.M. Utilities & Development, Inc., Defendants.**

Bankruptcy No. 91–23012–BKC–SMW.
Adv. No. 92–0084–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

April 28, 1992.

Ronald G. Neiwirth, Miami, Fla., for plaintiff.

Susan Lasky, Fort Lauderdale, Fla., for defendants.

ORDER GRANTING MOTION TO STRIKE DEMAND FOR JURY TRIAL AS TO COUNT I OF THE COMPLAINT AND DENYING MOTION TO STRIKE DEMAND FOR JURY TRIAL AS TO COUNT II AND COUNT III OF THE COMPLAINT

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court on April 22, 1992, upon Plaintiff's Motion To Strike Defendant's Demand for a Jury Trial in the above referenced action. The Court having listened to the arguments of counsel, having reviewed the record, and being otherwise fully advised in the premises hereby makes the following findings of fact and conclusions of law:

The Plaintiff/Debtor–In–Possession filed this adversary action against Glenn J. Monek and G.J.M. Utilities and Development, Inc. on February 6, 1992. The complaint contains three counts for relief as follows:

Count I seeks declaratory and injunctive relief and requests the Court to determine whether GJM is the alter ego of Monek; whether Monek has breached it non-competition covenants with the debtor; and the entry of an injunction to prevent Monek and GJM from competing against the debtor.

Count II is based on an alleged fraudulent conveyance and the plaintiff requests the Court to enter a judgment directing the Defendant, Monek, for an accounting; to determine whether the property in question is property of the estate and should therefore be turned over; and to enter a judgment for damages for the reasonable value of the property conveyed as well as for the loss of the use of said property.

Count III is based on an alleged conversion and the Debtor-in-Possession is seeking damages.

According to *Granfinanciera v. Paul C. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the inquiry the Court must make to determine whether a statutory action is subject to a trial by jury under the Seventh Amendment is to:

"[C]ompare the statutory action to the 18th century actions brought in the court of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. *Tull v. United States*, 481 U.S. 412, 417–18, 95 L.Ed.2d 365, 107 S.Ct. 1831 [1835–36] (1987) (citation omitted). The second stage of this analysis is more important than the first. *Id.*, at 421 [107 S.Ct. at 1837]...."

*Granfinanciera, S.A. v. Paul C. Nordberg*, 492 U.S. 33, 48, 109 S.Ct. 2782, 2793, 106 L.Ed.2d 26, 45 (1989).

The question presented in Plaintiff/Debtor-in-Possession's motion is whether the relief sought in the complaint constitutes an equitable remedy wherein defendant's would not be entitled to a trial by jury.

In Count I of the complaint, declaratory and injunctive relief is sought by the Debtor-in-Possession. Declaratory relief is an equitable remedy and such causes of action were brought before the courts of equity in 18th century England. *Granfinanciera, S.A. v. Paul C. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). In addition, the debtor seeks an injunction which is clearly equitable in nature. Therefore, defendant's are not entitled to a trial by jury on this count.

The second count of the complaint seeks relief for a fraudulent conveyance and as recognized in *Granfinanciera*, fraudulent conveyances were statutory actions often brought at law in 18th century England. The relief sought by the Debtor-in-Possession is for an accounting, a determination of whether the vehicle is property of the estate and return and/or damages for the reasonable value of the vehicle. The relief demanded by the complainant is both legal and equitable in nature but, the essence of the relief sought is legal rather than equitable. The traditional relief sought and granted for a fraudulent conveyance is an award for damages. The complainant can not thwart a defendant's Seventh Amendment right to a jury trial by

annexing an equitable remedy to a legal or statutory cause of action. Furthermore, as posited in *Granfinanciera,* the Seventh Amendment right to a jury trial should be liberally construed. Proceeding in a legal arena will provide debtor with an adequate remedy at law and such proceedings will not frustrate debtor's desire for an accounting. Therefore, since the courts have long acknowledged the maxim that equity will not countenance an action if an adequate remedy at law is available, and the Seventh Amendment right should be liberally applied, Defendants' right to a jury trial will be preserved.

Furthermore, the Seventh Amendment right to a trial by jury is a basic right provided to all parties to a legal action. This right may not be evaded by any one party when a statutory cause of action is brought forth and plead and the prayer for relief contains legal and equitable remedies. To hold otherwise, would undermine the import of a trial by jury and would deny this right when a legal remedy is prayed for and a sub-part of the prayer for relief includes an equitable demand. To allow a litigant to couch a legal remedy in equitable terms in order to circumvent a party's right to a jury trial would run counter to the protection afforded litigant's by the Seventh Amendment. Thus, the motion to strike the demand for a jury trial as to Count II shall be denied.

■ Count III is for Conversion and the relief sought is for damages. As stated in *Granfinanciera,* a remedy for money damages was recognized as a legal cause of action in 18th century England, and the remedy of money damages is legal in nature. Therefore, defendants' are entitled to a trial by jury on this count of the complaint. Based on the foregoing it is hereby:

ORDERED AND ADJUDGED that the Debtor-in-Possession/Plaintiff's Motion to Strike the Defendants' demand for a jury trial as to Count I is granted and the trial as to Count I shall proceed as scheduled on May 4, 1992 before visiting Judge James. Since this Court lacks the statutory authority to conduct a jury trial, this Court will abstain from hearing the trial of Counts II and III of the complaint where the debtor seeks to recover an alleged fraudulent conveyance and conversion, respectively.

DONE AND ORDERED.