In re BEELINE ENGINEERING & CONSTRUCTION, INC., Debtor.

BEELINE ENGINEERING & CONSTRUCTION, INC., Plaintiff,

v.

KEVIN J. D'ESPIES, P.A., Defendant.

No. 92–6262–CIV.
Bankruptcy No. 91–23012–BKC–SMW.
Adv. No. 92–0083–BKC–SMW–A.

United States District Court, S.D. Florida.

May 27, 1993.

Robert G. Neiwith, Miami, FL, for plaintiff/debtor.

Susan D. Lasky, Raymond B. Ray, P.A., Fort Lauderdale, FL, for defendant.

## ORDER ON MOTION TO WITHDRAW REFERENCE

PAINE, District Judge.

### Background

Article I, section 8, clause 4 of the United States Constitution grants Congress the power "[t]o establish ... uniform Laws on the subject of Bankruptcies throughout the United States." Congress has created bankruptcy courts, provided for the appointment of bankruptcy judges, and permitted each district court to refer all of its bankruptcy cases to the bankruptcy judges

for the district. 28 U.S.C. §§ 151–52, 157(a). The United States District Court for the Southern District of Florida, by Administrative Order 84–12, automatically refers all bankruptcy cases filed in this district to the United States Bankruptcy Court for the Southern District of Florida.

BEELINE ENGINEERING & CONSTRUCTION, INC. ("BEELINE"), the debtor in a Chapter 11 bankruptcy proceeding before Southern District of Florida Chief Bankruptcy Judge Sidney M. Weaver, filed an adversary complaint against KEVIN J. D'ESPIES, P.A. ("D'ESPIES"). D'ESPIES then filed a Motion to Withdraw Reference (DE 1), pursuant to Title 28, United States Code, Section 157(d),[1] in this Court, claiming that (i) it had demanded trial by jury in the adversary proceeding, and (ii) the Bankruptcy Court lacks the authority to conduct a jury trial.

### Analysis

The Bankruptcy Act of 1978 gave bankruptcy courts "jurisdiction over all civil proceedings arising under or related to cases under title 11." 28 U.S.C. § 1471(b) (1976 ed., Supp. IV). In *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598 (1982), the United States Supreme Court declared the provision unconstitutional, holding that, while Congress may grant bankruptcy courts the power to issue final orders in "the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power," it may not grant the power to adjudicate "state-created private rights," which are the sole province of Article III courts.

In response to *Marathon*, Congress passed the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"), which required bankruptcy judges to distinguish between "core" proceedings and "non-core" proceedings.[2] "Bankruptcy

---

1. "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown...."

2. Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but

**792**

judges may hear and determine ... all core proceedings," but, absent consent of the parties, may only "hear" non-core proceedings, submitting proposed findings of fact and conclusions of law to the district court for *de novo* review on timely objection. 28 U.S.C. § 157.

BAFJA was, however, silent as to whether bankruptcy courts could conduct jury trials in core or non-core proceedings. In *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 51–55, 109 S.Ct. 2782, 2795–97, 106 L.Ed.2d 26 (1989), the United States Supreme Court held that Congress lacks the power to preempt private litigants' Seventh Amendment jury trial rights by assigning their case to a tribunal that traditionally does not utilize juries, such as an Article I bankruptcy court. Thus, a defendant in a preference or fraudulent conveyance action who has not entered a claim against the estate is entitled to a trial by jury. *Id.* at 55–58, 109 S.Ct. at 2797–99.[3] The Supreme Court, however, expressly declined to decide whether a bankruptcy judge could preside over such jury trials. *Id.* at 64, 109 S.Ct. at 2802.

The United States Circuit Courts of Appeals have since split on the issue. The Second Circuit, the first to rule, noted that the Seventh Amendment requirement that no fact tried by a jury be redetermined by a reviewing court "may well render unconstitutional jury trials in non-consensual non-core proceedings" before the bankruptcy judge, since his findings of fact are reviewed de novo by the district court. But it held that BAFJA impliedly authorized, and the constitution did not prohibit, jury trials before bankruptcy judges in core proceedings. *In re Ben Cooper, Inc.,* 896 F.2d 1394, 1403–04 (2d Cir.), *cert. granted,* 497 U.S. 1023, 110 S.Ct. 3269, 111 L.Ed.2d 779, *vacated and remanded,* 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated,* 924 F.2d 36 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991).

The Third and Ninth Circuits subsequently agreed with *Cooper*'s suggestion that, given the inherent conflict between the Seventh Amendment and the statutory review procedure, a bankruptcy court cannot conduct jury trials in non-core proceedings. *Beard v. Braunstein,* 914 F.2d 434, 443 (3rd Cir.1990); *In re Cinematronics, Inc.,*

---

not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjust-

ment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. § 157(b)(2).

**3.** If the defendant has previously filed a claim against the bankruptcy estate, he has triggered the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. If the defendant/creditor is met, in turn, with a preference action, that action becomes part of the claims-allowance process which is triable only in equity. "In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction.* As such, there is no Seventh Amendment right to a jury trial. If the party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial." *Langenkamp v. Culp,* 498 U.S. 42, 43, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990) (emphasis in original) (citing *Granfinanciera,* 492 U.S. at 56–59, & n. 14, 109 S.Ct. at 2798–99 & n. 14).

916 F.2d 1444, 1451 (9th Cir.1990). But the Sixth, Seventh, Eighth, and Tenth Circuits disagreed with its holding, declining to imply the statutory authority for bankruptcy jury trials in core proceedings. *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1173 (6th Cir.1992); *Matter of Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir.1992); *In re United Missouri Bank, N.A.*, 901 F.2d 1449, 1456–57 (8th Cir.1990); *In re Kaiser Steel Corp.*, 911 F.2d 380, 391–92 (10th Cir.1990).[4]

■ The Eleventh Circuit Court of Appeals has yet to address the issue. *See In re Davis*, 899 F.2d 1136, 1140 n. 9 (11th Cir.1990). But, within the Southern District of Florida, the late Judge Eugene P. Spellman, in a case involving both core and non-core proceedings, wrote that "[f]rom the plain language of the statute there appears to be no right to a jury trial in bankruptcy court." *In re I.A. Durbin, Inc.*, 62 B.R. 139, 146 (S.D.Fla.1986). Judge James L. King, without discussion or case citation, withdrew a bankruptcy reference after concluding that the defendant was entitled to a jury trial. *In re Southeast Connectors, Inc.*, 113 B.R. 85, 87 (S.D.Fla.1990). Judge Lenore C. Nesbitt expressly rejected *Cooper* and adopted the Eighth Circuit's reasoning in *Missouri Bank*, finding "no evidence that Congress ever intended the bankruptcy courts to conduct jury trials" in core proceedings. *Torcise v. Community Bank of Homestead*, 131 B.R. 503, 507 (S.D.Fla.1991). Finally, Judge James W. Kehoe found "no implied power in the bankruptcy court to conduct jury trials in non-core proceedings." *Growers Packing Co. v. Community Bank of Homestead*, 134 B.R. 438, 444 (S.D.Fla.1991). Southern District of Florida Chief Bankruptcy Judge Sidney M. Weaver has twice expressly, and once impliedly, applied Judge Spellman's determination that a bankruptcy court lacks the statutory authority to conduct a jury trial. *In re Beeline Eng'g & Const., Inc.*, 139 B.R. 1025, 1027 (Bankr.S.D.Fla.1992); *In re Beeline Eng'g & Const., Inc.*, 139 B.R.

1023, 1025 (Bankr.S.D.Fla.1992); *In re Fort Lauderdale Hotel Partners, Ltd.*, 103 B.R. 335, 336 (Bankr.S.D.Fla.1989).

In the instant case, D'ESPIES has not attached any bankruptcy pleadings or otherwise provided the information necessary to determine, among other things, whether the adversarial proceeding raises legal claims that are triable by a jury, whether D'ESPIES has previously made a claim against the estate and thereby submitted himself to the equitable jurisdiction of the bankruptcy court, and whether the proceeding is core or non-core in nature. This Court declines to withdraw the bankruptcy reference on the showing made.

## Conclusion

It is hereby **ORDERED** and **ADJUDGED** that the Motion to Withdraw Reference (DE 1) is **DENIED**.

DONE and ORDERED.

---

**4.** These courts did not reach the question whether such trials would violate Article III or the

Seventh Amendment.