In re **FORT LAUDERDALE HOTEL PARTNERS, LTD.,** Debtor.

**Milton Gene FRIEDMAN,
Trustee, Plaintiff,**

v.

**GOLD ADVICE, INC.,** Defendant.

**Bankruptcy No. 87–02773–BKC–SMW.
Adv. No. 89–0256–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Aug. 25, 1989.

Order on Motion for Partial Rehearing, Reconsideration and Clarification
Oct. 4, 1989.

Reggie David Sanger, Ft. Lauderdale, Fla., for defendant.

Katherine Barry, Rotella & Boone, Ft. Lauderdale, Fla., for plaintiff.

ORDER ON DEMAND FOR JURY TRIAL, MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT, MOTION FOR STAY PENDING DISTRICT COURT'S DETERMINATION OF DEFENDANT'S MOTION FOR WITHDRAWAL OF REFERENCE AND ORDER OF ABSTENTION

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER having come before this Court on August 23, 1989 at 9:30 a.m., on the Defendant, GOLD ADVICE, INC.'s Demand for Jury Trial, Motion to Dismiss and for More Definite Statement, Motion for Stay Pending District Court's Determination of Defendant's Motion for Withdrawal of Reference, and the Court having considered the argument of counsel, the evidence submitted, and the pleadings filed, this Court finds as follows:

The Plaintiff, MILTON GENE FRIEDMAN, TRUSTEE commenced this matter against the Defendant, GOLD ADVICE, INC., on the 31st day of May, 1989. In response the Defendant, GOLD ADVICE, INC., filed its demand for jury trial and Motion to Dismiss. The Court granted the Motion to Dismiss giving Plaintiff leave to amend which Plaintiff has done. The Amended Complaint is a four count complaint which seeks to recover post-petition transfers of monies and pre-petition transfers of monies allegedly fraudulently transferred to the Defendant, GOLD ADVICE, INC. The Amended Complaint also adds an additional party who has not responded to the complaint as of this date.

The causes of action brought by the Plaintiff seek the recovery of money payments of ascertainable and definite amounts and not recovery based on equitable relief. The Defendant has submitted the docket register of the Clerk of the Bankruptcy Court which establishes that GOLD ADVICE, INC. has not filed a Proof of Claim in this proceeding.

█ A determination of the right to jury trial requires the Court to consider the following factors: (1) custom with reference to the issue in dispute prior to the merger of law and equity in the federal system, (2) the nature of the remedy sought, and (3) whether the defendant has submitted to the jurisdiction of this Court by filing a Proof of Claim.

█ The Supreme Court has noted that suits of fraudulent conveyance involving the transfer of cash were often brought at law in the late 18th century England and were conducted before juries. *Granfinanciera S.A. et al. v. Paul C. Nordberg,* —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Since the Plaintiff seeks in the various counts to recover a money judgment of a definite sum of money, the Plaintiff's remedy is one at law. In addition, the Defendant has not consented to jurisdiction of the Bankruptcy Court by filing a Proof of Claim. These factors considered together lead this Court to conclude that the Defendant is entitled to a jury trial.

█ The last issue the Court must consider is whether the Bankruptcy Court has jurisdiction to conduct a jury trial or whether it should abstain and transfer the matter to a court empowered to conduct a jury trial. This Court is compelled to follow the conclusion of Judge Spellman in *In re I.A. Durbin, Inc.* 14 B.C.D. 1267, 62 B.R. 139 (S.D.Fla.1986). Judge Spellman found no statutory authority granted in the Bankruptcy Code to empower the Bankruptcy Court to conduct jury trials and that these trials should be conducted in district or state court.

This conclusion is further supported by those decisions that seemingly support the ability of the Bankruptcy Court to conduct jury trials based on an analysis of 28 U.S.C. Section 1480 when read with Bankruptcy Rule 9015. But Section 1480 which preserved any right to jury trial existing under applicable non-bankruptcy law or statute, has been repealed. Its successor, Section 1411 is far more restrictive, pre-

serving only those jury trial rights existing in personal injury and wrongful death actions and requiring those actions to be heard in the District Court. 28 U.S.C. Section 1411. Moreover, Bankruptcy Rule 9015 which established Bankruptcy Court procedures for jury trials was abrogated in accordance with the repeal of Section 1480.

Consequently, the Court concludes that the Bankruptcy Court does not have the authority to conduct jury trials and therefore *sua sponte* abstains from hearing this matter and remands the matter to the appropriate state court rather than granting a stay pending the district court's determination of Defendant's Motion for Withdrawal of Reference. Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that:

1. The Demand for Jury Trial is granted.

2. The Court's *sua sponte* Motion to Abstain is granted with the entire adversary being transferred to the appropriate state court and the Clerk of the Bankruptcy Court is directed to effectuate the transfer of this proceeding to the Circuit Court, Broward County, forthwith.

3. The Defendant's Motion for Stay Pending District Court's Determination of Defendant's Motion for Withdrawal of Reference is denied.

4. All other pending matters, including Defendant's Motion to Dismiss and for More Definite Statement are deferred for the state court to determine.

DONE AND ORDERED.

*ORDER ON MOTION FOR PARTIAL REHEARING, RECONSIDERATION AND/OR FOR CLARIFICATION*

THIS MATTER having come before this Court on the Plaintiff's Motion for Partial Rehearing Reconsideration and/or Clarification on September 27, 1989 at 9:30 and after considering the argument of counsel, it is hereby;

ORDERED AND ADJUDGED that:

1. The Court's order dated August 25, 1989 is modified to provide that the Court will not direct the transfer of the case but will abstain from hearing the entire adversary proceeding because of the Defendants' request and entitlement to a jury trial, and this Court's ruling that the Bankruptcy Court does not have the authority to conduct such a jury trial. The Plaintiff shall have the right to refile this matter in any other Court other than the Bankruptcy Court which the trustee may deem appropriate.

2. In all other respects, except as modified herein, the Court's order dated August 25, 1989 shall remain in full force and effect.