**GROWERS PACKING COMPANY,**
**Plaintiff,**

v.

**COMMUNITY BANK OF HOMESTEAD,**
**Defendant.**

**No. 91–175–CIV.**

United States District Court,
S.D. Florida.

July 30, 1991.

Karen Kantner, Fort Lauderdale, Fla., for plaintiff.

Robert M. Hustead, Homestead, Fla., for defendant.

ORDER DENYING IN PART AND GRANTING IN PART MOTION TO STRIKE JURY DEMAND AND GRANTING MOTION TO WITHDRAW REFERENCE

KEHOE, District Judge.

THIS MATTER arises before the Court upon the motion of the Plaintiff, Growers Packing Company ("Growers Packing"), for an order striking the jury demand of the Defendant, Community Bank of Homestead ("Community Bank"), and upon Community Bank's motion to withdraw the reference to the Bankruptcy Court of the above-styled adversary proceeding.

Growers Packing is a debtor-in-possession pursuant to bankruptcy proceedings under Chapter 11 of the Bankruptcy Code. On December 12, 1990, Growers Packing filed the instant adversary complaint in connection with the bankruptcy proceedings. Count I seeks to set aside certain fraudulent conveyances pursuant to 11 U.S.C. § 548(a)(1), (a)(2); Count II seeks to set aside fraudulent conveyances pursuant to Section 726.01 of the Florida Statutes; Count III seeks equitable subordination pursuant to 11 U.S.C. § 510; and Count IV seeks to recover a preference under 11 U.S.C. § 547.

The facts underlying these claims, as indicated in the adversary complaint and accompanying exhibits, and as represented by counsel at oral argument, involve three loans made by Community Bank to certain individuals, pursuant to which Growers Packing executed a number of guarantees and agreements. The loan agreements provided for repayment of the loans with monies constituting the accounts receivable of Growers Packing. Repayment was to be made according to a lock box procedure. This procedure consisted of the account debtors' making payments directly to a lock box under the control of Community Bank. The adversary complaint alleges that pursuant to this procedure, the loans were repaid in full. However, the adversary complaint also alleges, *inter alia*, that there was no consideration for the guarantees and agreements to repay made by Growers Packing.

On January 5, 1991, Community Bank made a demand for jury trial before the bankruptcy court and moved to withdraw the reference. On February 6, 1991, Growers Packing moved to strike the jury demand.

After careful consideration of counsel's memoranda of law and oral argument before the Court, as well as the entire record and the applicable law, the Court concludes as follows:

## I. *Motion to Strike Jury Demand*

Growers Packing moves to strike the jury demand as to the claims for equitable subordination (Count III) and to recover a preference (Count IV).[1] Growers Packing asserts that these claims are equitable in nature, and therefore not entitled to the right of trial by jury conferred by the Seventh Amendment to the United States Constitution.[2]

In *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court of the United States ruled that the Seventh Amendment guarantees an individual who has not submitted a claim against a bankruptcy estate a jury trial on his/her claim for fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1), (a)(2), where such claim is legal, rather than equitable, in nature and asserts a private right. Growers Packing contends that since the claims for equitable subordination and recovery of a preference are equitable, they are not entitled to be tried by a jury. Community Bank replies that the preference claim is legal in nature because it seeks monetary relief only. Therefore, and in light of the fact that the preference claim has not been filed against the bankruptcy estate, Community Bank contends that it is entitled to a jury trial pursuant to the Seventh Amendment.[3]

Whether a claim is legal or equitable depends on its status at common law. The Supreme Court clarified in *Granfinanciera* that

"... 'the thrust of the [Seventh] Amendment was to preserve the right to jury trial as it existed in 1791' ... The Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty."

492 U.S. at 41–42, 109 S.Ct. at 2790 (citing *Curtis v. Loether,* 415 U.S. 189, 193, 94 S.Ct. 1005, 1007, 39 L.Ed.2d 260 (1974)).

In late 18th-century England, actions to recover preferential transfers "were often brought in law." *Id.* 492 U.S. at 43, 109 S.Ct. at 2791. Noting that these claims sometimes were brought in equity, as well, the Supreme Court explained that the distinction rested on the type of recovery sought. Where the plaintiff sought "a definite sum of money"—as opposed to equitable remedies, such as the setting aside of the transfer or an accounting to determine the amount of money owed—the claim was handled in the law courts, rather than in chancery. Because the claim in *Granfinanciera* was for a specific amount of money, the Supreme Court determined that, in 18th-century England, it would have been brought in a court of law. On that basis, the Supreme Court concluded that the claim was legal. *Granfinanciera,* 492 U.S. at 47, 109 S.Ct. at 2794. Since, in addition, the plaintiff had not filed the claim against the bankruptcy estate, it did not "arise 'as part of the process of allowance and disallowance of claims'" committed to the jurisdiction of the bankruptcy courts. *Granfinanciera,* 492 U.S. at 58, 109 S.Ct. at 2799 (citing *Katchen v. Landy,* 382 U.S. 323, 335, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966)). Thus, the claim for a fraudulent conveyance was entitled to be tried by a jury.

In making this ruling, the Supreme Court recognized that Congress has conferred jurisdiction on the bankruptcy courts to "hear and determine" all core proceedings arising in a bankruptcy matter, and that such core proceedings include proceedings to "determine, avoid, or recover fraudulent conveyances." 28 U.S.C. § 157(b)(1), (b)(2)(H). The Supreme Court reasoned, however, that Congress's designation of a

---

1. Growers Packing does not move to strike the claim for jury demand as to the fraudulent conveyance claims in Counts I and II.

2. The Seventh Amendment provides that "[i]n Suits at common law, where the value of the controversy shall exceed twenty dollars, the

right of trial by jury shall be preserved." U.S. Const. amend. VII.

3. Community Bank does not reply to Growers Packing's assertion that the equitable subordination claim is equitable in nature; apparently, therefore, it concedes this point.

proceeding as core or non-core is not dispositive for Seventh Amendment purposes. *Granfinanciera*, 492 U.S. at 60–61, 109 S.Ct. at 2800. Rather, the nature of the underlying action, *i.e.*, legal or equitable, determines whether the right to a jury trial exists. Moreover, since an action to recover a fraudulent conveyance asserts a private, rather than a public right, it cannot be assigned to adjudication by a bankruptcy court.

The Supreme Court highlighted that an action to recover a fraudulent conveyance involves, in essence, the adjudication of a private right involving a claim, such as a breach of contract, which has been created by state law. This is so, the Supreme Court stated, even though Congress has enacted a statutory cause of action to avoid a fraudulent conveyance. 28 U.S.C. § 157(b)(2)(H). The Supreme Court distinguished claims based on private rights from those based on public rights. The latter claims likewise stem from statutory rights but, in addition, are "integral parts" of a public regulatory scheme. *Granfinanciera*, 492 U.S. at 55 n. 10, 109 S.Ct. at 2797 n. 10. The Supreme Court stated that the right to a jury trial may be abrogated as to a claim involving a public right, by virtue of Congress's committing its adjudication to the bankruptcy court—a forum which the Court indicated may not be empowered to conduct jury trials. However, the right to a jury trial may not be abrogated, the Court stressed, as to a claim involving a private right. *Granfinanciera*, 492 U.S. at 54–55, 109 S.Ct. at 2797.

■ In the present case, as in *Granfinanciera*, the action to recover a preference seeks only legal relief, in the form of money damages. Further, Growers Packing has not filed a claim against the bankruptcy estate. In addition, the claim does not appear to involve a public right, but rather stems from an underlying breach of contract dispute involving a private right. Accordingly, the Court concludes that the Seventh Amendment guarantees the right to a jury trial on this claim, even though a proceeding to recover a preference is

deemed "core" under the Bankruptcy Code. *See also Friedman v. Gold Advice, Inc. (In re Fort Lauderdale Hotel Partners, Ltd.)*, 103 B.R. 335 (Bankr.S.D.Fla.1989) (holding preference claim legal in nature, where relief sought was for a definite sum of money). *Cf. In re Sunco, Inc.*, 113 B.R. 764 (Bankr.S.D.Fla.1990) (holding that preferential transfer claim was not entitled to jury trial, but without any discussion of nature of relief sought or whether a claim against the bankruptcy estate had been filed).

The motion of Growers Packing to strike the jury trial demand as to this claim pursuant to 11 U.S.C. § 547 should therefore be denied. However, the motion of Growers Packing to strike the jury trial demand as to the claim for equitable subordination will be granted, in view of Community Bank's failure to oppose the motion as to this claim, which appears on its face to be equitable in nature.

*II. Motion to Withdraw Reference*

Community Bank seeks to withdraw the reference of this adversary complaint to the Bankruptcy Court, pursuant to 28 U.S.C. § 157(d),[4] on the grounds the latter forum is not empowered by statute or constitutionally to conduct jury trials. In view of the Court's ruling, *supra*, there is a right to a jury trial as to the claim of Growers Packing to recover a preference pursuant to 11 U.S.C. § 547, as well as to the claim to set aside fraudulent conveyances pursuant to 11 U.S.C. § 548(a)(1), (a)(2).

The Supreme Court in *Granfinanciera* expressly declined to address the issue of whether a bankruptcy court may conduct a jury trial. 492 U.S. at 64, 109 S.Ct. at 2802, 2794–95. However, the Eleventh Circuit Court of Appeals has noted, in *dicta*, that the Supreme Court in *Granfinanciera* "strongly suggested" that fraudulent conveyance and voidable preference actions under Sections 547 and 548 of the Bankruptcy Code must be tried by an Article III Court. *In re Davis*, 899 F.2d 1136, 1140

---

**4.** 28 U.S.C. § 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

(11th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990). The Court in *Davis* further noted that "it is indisputable that, as presently constituted, [bankruptcy courts] are not Article III courts." *Id.* at 1140 (citing *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 60–61, 102 S.Ct. 2858, 2865–66, 73 L.Ed.2d 598 (1982)). Among those courts which have directly ruled on this matter in the wake of *Granfinanciera,* there is a split of authority. *Compare In re United Missouri Bank of Kansas City, N.A.,* 901 F.2d 1449 (8th Cir.1990) (bankruptcy court lacks statutory authority to conduct jury trials in non-core proceedings) *with Ben Cooper, Inc. v. Insurance Co. of Pa. (In re Ben Cooper, Inc.),* 896 F.2d 1394, 1404 (2d Cir.1990) (bankruptcy courts have both statutory and constitutional power to conduct jury trials in core proceedings), *judgment vacated on other grounds,* —— U.S. ——, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990). *See also In re Cinematronics,* 916 F.2d 1444, 1450–51 (9th Cir. 1990) (bankruptcy court prohibited by Seventh Amendment from conducting jury trials in non-core proceedings); *Jefferson National Bank v. I.A. Durbin, Inc. (In re I.A. Durbin, Inc.),* 62 B.R. 139, 146 (S.D.Fla. 1986) (pre-*Granfinanciera* case ruling that bankruptcy court lacks statutory authority to conduct jury trials in non-core proceedings in which no proof of claim has been filed); *In re Fort Lauderdale Hotel Partners, Ltd.,* 103 B.R. at 336–337 (no statutory authority for bankruptcy court to conduct jury trial of fraudulent conveyance action which was legal in nature and as to which no proof of claim was filed).

The framework of analysis pursued by those courts which have decided the question is two-pronged: First, is there statutory authority for the bankruptcy court to conduct a jury trial? Second, if so, is there any constitutional barrier stemming from Article III and/or the Seventh Amendment?

### A. *Statutory Power*

The Bankruptcy Code does not expressly grant the bankruptcy court authority to conduct jury trials. *In re United Missouri Bank,* 901 F.2d at 1454; *In re Ben Cooper, Inc.,* 896 F.2d at 1402. While Section 157 provides that the bankruptcy court may "hear and determine" all cases arising under Title 11, including all core proceedings, and to "enter appropriate orders and judgments" in core proceedings, that language does not, by itself, amount to an explicit grant of power to conduct jury trials. In fact, the only bankruptcy provisions which deal specifically with the right to conduct a jury trial empower the *district court* to do so in personal injury and wrongful death claims, 11 U.S.C. § 157(b)(5), and preserve the right to trial by jury regarding personal injury or wrongful death tort claims. 28 U.S.C. § 1411. As the Eighth Circuit Court of Appeals pointed out in *In re United Missouri Bank,* Congress appears to be aware of the language needed to vest express authority in a non-Article III tribunal to conduct jury trials, since it has done so in the case of U.S. Magistrates. *In re United Missouri Bank,* 901 F.2d at 1454 (noting 28 U.S.C. § 636(a)(3), (c)(1)). By contrast, the Supreme Court has characterized language in the 1984 Act providing for jury trials in bankruptcy proceedings (28 U.S.C. § 1411) as "notoriously ambiguous." *Granfinanciera,* 492 U.S. at 40–41 n. 3, 109 S.Ct. at 2789 n. 3.

In the absence of express statutory authorization, the question becomes whether such power may be implied from a reading of the legislative history and/or whether it is "incidental and necessary to make the legislation effective." *In re United Missouri Bank,* 901 F.2d at 1455 (citing 2A Sutherland Stat.Const. § 55.04 (1984)). *See also Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); *Phelps Dodge Corp. v. NLRB,* 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271 (1941).

In formulating an answer, the Court examines first the predecessor bankruptcy statutes. The Bankruptcy Act of 1898 (the "1898 Act") contained no statutory authorization for the bankruptcy court to conduct jury trials, although it did provide for jury trials in the case of involuntary petitions and discharge of debts. In 1973, the issue of whether the bankruptcy court could try

the latter claims was resolved, with the promulgation of procedural rules by the Judicial Conference. Those rules required dischargeability claims to be tried in the district court, unless a local rule provided otherwise, and involuntary petitions to be tried in the bankruptcy court, unless a demand for trial in the district court was made or a local rule so required. Fed. Bank.R. 409(c), 115(b), *reprinted* in 12 Collier on Bankruptcy par. 409.1 (14th ed. 1976). *See* Gibson, *Jury Trials in Bankruptcy: Obeying the Commands of Article III and the Seventh Amendment,* 72 Minn.L.Rev. 967, 973 (1988) (*"Jury Trials in Bankruptcy"*).

Similarly, the Bankruptcy Reform Act (the "1978 Act") contains no express authorization for the bankruptcy court to conduct jury trials. However, in *Marathon,* the Supreme Court ruled that Section 1480, which provided for the preservation of the right to a jury trial as it existed prior to the 1978 Act,[5] did empower the bankruptcy court to conduct jury trials. 28 U.S.C. § 1480 (1982) (repealed). The Court's interpretation included recognition of the broad grant of jurisdiction in the Act to "all civil proceedings arising under title 11 or arising in or related to cases under title 11," 28 U.S.C. § 1471(b), (c), as well as of Congress's expressed intent. Indeed, the legislative history appears to have been straightforward on this point:

**5.** Section 1480, which was repealed in 1984, provided as follows:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

(b) The bankruptcy court may order the issues arising under section 303 of title 11 [governing involuntary bankruptcies] to be tried without a jury.

As noted in *Jury Trials in Bankruptcy,* 72 Minn. L.Rev. at 975 & n. 39 (citing 1978 U.S.Code Cong. & Admin.News 5787, 5943), "A Senate Committee report accompanying the 1978 Act explained that section 1480(a) 'continues any current right of a litigant in a case or proceeding under title 11 or related to such a case, to a jury trial.'"

Bankruptcy courts will be required to hold jury trials to adjudicate what are under present law called 'plenary suits,' that is, suits that are brought in State or Federal courts other than bankruptcy courts.[6]

1978 U.S.Code Cong. & Admin.News 5787, 5963, 5973. *See generally Jury Trials in Bankruptcy* at 975.

The Supreme Court in *Marathon* went on to declare that congressional authorization to conduct jury trials violated Article III of the U.S. Constitution, at least as to state-law contract claims arising under the bankruptcy laws. In response, the Judicial Conference promulgated emergency rules which prohibited the bankruptcy court from conducting jury trials. Emergency Rule (d)(1)(D), *reprinted in* 1 *Collier on Bankruptcy* par. 3.01(1)(b)(vi)(15th ed. 1989). *See also In re Committee of Unsecured Creditors of F S Communications Corp.,* 760 F.2d 1194, 1198 (11th Cir.1985). Subsequently, Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "1984 Amendments"), which repealed Section 1480. Additionally, Bankruptcy Rule 9015, which was promulgated after *Marathon* and governed procedures for jury trials, was abrogated in 1987 to avoid any interpretation that it conferred a right to jury trial in matters before the bankruptcy court. *See* Advisory Committee Notes on 1987 Amendment, 11 U.S.C.A. Rule 9015 (abrogated March 30, 1987).

**6.** The Bankruptcy Act of 1898 (the "1898 Act") conferred on the bankruptcy court summary jurisdiction over matters involving property within the "actual or constructive possession" of the bankruptcy court. *Katchen,* 382 U.S. at 327, 86 S.Ct. at 471. Such matters were equitable in nature and not entitled to trial by jury. *Jury Trials in Bankruptcy,* 72 Minn.L.Rev. at 998. Claims not raised in the bankruptcy proceedings and involving property held by third parties were deemed plenary. These were heard by the district court, or by the bankruptcy court with the parties' consent. *In re United Missouri Bank,* 901 F.2d at 1452. *See also Katchen,* 382 U.S. at 327–28, 86 S.Ct. at 471–72. The 1978 Act eliminated this distinction, although it preserved the right to a jury trial as it existed prior to the Act. Pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984, proceedings are now designated as either core or non-core. *Granfinanciera,* 492 U.S. at 60, 109 S.Ct. at 2800.

As noted by the Eighth Circuit Court of Appeals in *In re United Missouri Bank*, 901 F.2d at 1455 n. 16, the lone reference in the legislative history to the bankruptcy court's power to conduct a jury trial is less than clear. During a debate on whether to accord the bankruptcy court Article III status, Representative Kindness stated that "the bankruptcy court will conduct the trial, make a recommendation to the district court." 130 Cong.Rec. H6242 (Mar. 21, 1984). He then stated that his amendment, intended to confer Article III status on bankruptcy judges, reflected in essence, "legislative enactment of the emergency bankruptcy rule, the model rule that has been in effect..." However, as noted *supra*, the Emergency Rules prohibited the bankruptcy court from conducting jury trials. Emergency Rule (d)(1)(D). Additionally, in a statement on consideration of a Senate Conference Report on the 1984 Act, Senator Orrin Hatch recognized that "the conference remedied the flaw discerned by the Supreme Court in the *Marathon* case." Statement by Sen. Hatch, 1984 U.S.Code Cong. & Admin.News 576, 590, 594. Senator Hatch went on to note that "In *Marathon* the Supreme Court decided that bankruptcy judges could not adjudicate State law claims." *Id.* at 596. These statements, viewed in light of *Granfinanciera's* ruling that claims of private right based on state law are not entitled to trial by jury, militate in favor of a determination that the bankruptcy court may not adjudicate the claims presented here. Moreover, this Court cannot discern any persuasive reason why it would be necessary for the bankruptcy court to be empowered to conduct jury trials in a non-core proceeding in order to carry out its express statutory powers.

Based on a careful review of the statutory language and legislative history, the Fifth Circuit Court of Appeals concluded that Congress intended to limit the power of the bankruptcy court under the 1984 Amendments. *Griffith v. Oles (In re Hipp, Inc.)*, 895 F.2d 1503, 1514–15 (5th Cir.1990). The Court therefore refused to find an implied power in the bankruptcy court to impose criminal contempt, stressing also that a serious constitutional question would otherwise be posed:

> We follow the settled rule that federal statutes, where they may reasonably be so construed without violence to their clear meaning, should be given an interpretation that avoids serious question as to their constitutional validity.

*In re Hipp*, 895 F.2d at 1509 (citing, *inter alia, Gomez v. United States*, 490 U.S. 858, 864, 109 S.Ct. 2237, 2241, 104 L.Ed.2d 923 (1989)). For the same reasons, this Court finds no implied power in the bankruptcy court to conduct jury trials in non-core proceedings.

■ While the Bankruptcy Code does state that core proceedings include actions to recover preferences and to set aside fraudulent conveyances, the Supreme Court in *Granfinanciera* placed a gloss on that statutory language. *Granfinanciera* suggests that the core and non-core designations made by Congress are not dispositive of the Seventh Amendment right to a trial by jury. *See Granfinanciera*, 492 U.S. at 61, 109 S.Ct. at 2800 ("This purely taxonomic change cannot alter our Seventh Amendment analysis.") By extension, such blanket labels should not dictate which forum may conduct a jury trial. In view of the fact that (a) the claims to recover a preference and to set aside fraudulent conveyances have not been raised against the bankruptcy estate, and (b) these legal claims involve private rights based on state law, they are entitled to be tried by a jury. *See* discussion *infra*. Pursuant to the foregoing analysis, this Court concludes also that the bankruptcy court lacks statutory authority to conduct a jury trial of these particular claims, whether or not the 1984 Amendments denominate them, in a generic sense, as core or non-core. *See, e.g., Durbin*, 62 B.R. at 142 ("... a case does not become a core proceeding simply because it is within a 28 U.S.C. § 157(b)(2) technical description.")

Having so determined, the Court declines to reach the further issue of whether Article III and/or the Seventh Amendment raise constitutional barriers to the Bankruptcy Court's power to conduct jury trials.

The Court likewise finds no need to reach Community Bank's additional argument that withdrawal of the reference is mandatory under 28 U.S.C. § 157(d), in view of the possible existence of a defense requiring consideration of a federal law regulating interstate commerce, *i.e.*, the Perishable Agricultural and Commodities Act, 7 U.S.C. § 499e (PACA).

In light of all of the above, it is hereby ORDERED and ADJUDGED as follows:

1. The motion of Growers Banking to strike the jury demand is DENIED as to the claims in Count IV, but GRANTED as to Count III.

2. The motion of Community Bank to withdraw the reference is GRANTED.

DONE and ORDERED.