**Jack STEIN, as Trustee of the Estate of Omni Capital Group, Ltd., Plaintiff,**

v.

**Elizabeth C. MILLER, et al., Defendants.   (Two Cases)**

**Jack STEIN, as Trustee of the Estate of Omni Capital Group, Ltd., Plaintiff,**

v.

**Vernie H. MILLER, Defendant. (Two Cases)**

**Jack STEIN, as Trustee of the Estate of Omni Capital Group, Ltd., Plaintiff,**

v.

**Lillian HAZEL, Defendant.   (Two Cases)**

**Nos. 93–8305–CIV to 93–8307–CIV, 93–8350–CIV, 93–8349–CIV and 93–8348–CIV.**

United States District Court, S.D. Florida.

Aug. 6, 1993.

Lawrence A. Kellogg, Marc J. Gottlieb, Tew & Garcia–Pedrosa, Miami, FL, for plaintiff.

Francis Carter, Janie Locke Anderson, Coll Davidson Carter Smith Salter & Barkett, Miami, FL, for defendants.

*ORDER ON PENDING MOTIONS*

HIGHSMITH, District Judge.

THE SIX ABOVE–STYLED CAUSES came before the Court upon the following motions, which concern proceedings in the Bankruptcy Court in Case No. 92–31633–

BKC–RAM, *In Re Omni Capital Group, Ltd.*:

(1) Identical Motions to Withdraw Reference and Demand for Jury Trial, filed as District Court Cases:

No. 93–8305–CIV–HIGHSMITH, *Stein v. E. Miller;*

No. 93–8306–CIV–HIGHSMITH, *Stein v. V. Miller;* and

No. 93–8307–CIV–HIGHSMITH, *Stein v. Hazel.*

(2) Identical Motions for Leave to Appeal, pursuant to 28 U.S.C. § 158(a); and Emergency Motions for Stay Pending Appeal of Order Denying Defendant's Motion to Abate, filed as District Court Cases:

No. 93–8350–CIV–HIGHSMITH, *Stein v. E. Miller;*

No. 93–8349–CIV–HIGHSMITH, *Stein v. V. Miller;* and

No. 93–8348–CIV–HIGHSMITH, *Stein v. Hazel.*

On July 15, 1993, the Court heard argument from counsel on these motions. Counsel have indicated to the Court that the issuance of a ruling on the motions to withdraw reference and demand for jury trial before August 18, 1993 would moot the motions for leave to appeal and the emergency motions for stay. Accordingly, the Court will not address the substance of the motions for leave to appeal and the emergency motions for stay.[1]

### PROCEDURAL BACKGROUND

Bankruptcy Case No. 92–31633–BKC–RAM, *In Re Omni Capital Group, Ltd.,* is currently pending before Judge Robert A. Mark in the Bankruptcy Court for the Southern District of Florida. Plaintiff Jack Stein is the Trustee of the Omni estate in the bankruptcy proceedings. As trustee, he has brought adversary actions against Defendants Elizabeth C. Miller ("E. Miller"), Vernie H. Miller ("V. Miller"), and Lillian M. Hazel to recover what he alleges are preferential and fraudulent transfers, pursuant to 11 U.S.C. §§ 547 and 548.[2] The defendants have not asserted claims against the bankrupt estate. Moreover, the defendants contest the bankruptcy court's jurisdiction over the legal claims presented in the adversary actions. Each of the defendants, therefore, has demanded a trial by jury and has prayed for an order withdrawing the automatic reference to the bankruptcy court, pursuant to 28 U.S.C. § 157(d), "as to the trial of this adversary proceeding and the adjudication of all dispositive motions so as to substantively as well as procedurally permit [the defendant] a trial by jury before an Article III Court of all causes of action legal in nature." (*See e.g.,* Motion of Defendant Elizabeth C. Miller to Withdraw Reference and Demand for Jury Trial, Case No. 93–8305–CIV–HIGHSMITH, D.E. # 1, at 5–6.)[3]

### THE DEFENDANTS' RIGHT TO A JURY TRIAL IN THE DISTRICT COURT

Title 28, United States Code, Section 157 classifies actions to determine, avoid, or recover preferences as "core proceedings," which may be heard and deter-

---

1. At the time the defendants filed the motions for leave to appeal and the emergency motions for stay, the bankruptcy judge had scheduled a hearing on Plaintiff Jack Stein's motions for summary judgment for July 15, 1993. In the proceedings before this Court, the defendants dispute the bankruptcy court's jurisdiction to entertain such case dispositive motions. The bankruptcy judge, however, has continued the hearing until August 18, 1993. Because the motions to withdraw reference address the issue of the bankruptcy court's jurisdiction, the Court's timely disposition of these motions moots the defendants' motions for leave to appeal the bankruptcy judge's decision to entertain the summary judgment motions, and renders nonemergent the motions for stay.

2. The adversary actions in the Bankruptcy Court are: Case No. 93–0313–BKC–RAM–A, *Stein v. E. Miller, et al.;* Case No. 93–0335–BKC–RAM–A, *Stein v. V. Miller;* and Case No. 93–0343–BKC–RAM–A, *Stein v. Hazel.*

   Section 547 prescribes which transfers a bankruptcy trustee may avoid as preferential. 11 U.S.C.A. § 547 (West 1993). Section 548 prescribes which transfers a bankruptcy trustee may avoid as fraudulent. 11 U.S.C.A. § 548 (West 1993).

3. Section 157(d) provides, in pertinent part: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C.A. § 157(d) (West 1968 & Supp.1993).

mined by bankruptcy judges, subject to appeal to the district court.[4] Nevertheless, defendants in such proceedings, who have not submitted claims against the bankrupt estate, do not lose their Seventh Amendment right to a jury trial as to legal causes of action. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64, 109 S.Ct. 2782, 2802, 106 L.Ed.2d 26 (1989). In making this determination, the Supreme Court in *Granfinanciera* characterized such actions as "matters of private rather than public right." *Id.* at 56, 109 S.Ct. at 2798. Such matters, according to the Supreme Court, "must be adjudicated by an Article III court," and if "the right is legal in nature, then it carries with it the Seventh Amendment's guarantee of a jury trial." *Id.* at 54–55, 109 S.Ct. at 2797. Although this language appears to dictate an Article III forum, the Supreme Court expressly left open the question of whether such jury trials can be conducted by bankruptcy judges, stating:

> We do not decide today whether the current jury trial provision—28 U.S.C. § 1411 (1982 ed. Supp. IV)—permits bankruptcy courts to conduct jury trials in fraudulent conveyance actions like the one respondent initiated. Nor do we express any view as to whether the Seventh Amendment or Article III allows jury trials in such actions to be held before non-Article III bankruptcy judges subject to the oversight provided by the district courts pursuant to the [Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, 98 Stat. 333].

*Id.* at 64, 109 S.Ct. at 2802.

The Eleventh Circuit has noted the difficulty of this issue but has not yet addressed it. *See In re Davis*, 899 F.2d 1136, 1140 n. 9 (11th Cir.), *cert. denied sub nom. Gower v. Farmers Home Admin.*, 498 U.S. 981, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990). ("The Court [in *Granfinanciera* ] strongly suggested—although it specifically avoided holding—that fraudulent-conveyance and voidable-preference actions under 11 U.S.C.A. §§ 547–548 are 'private-right' claims which 'must be tried under the auspices of an Article III court.' ") The Eleventh Circuit further noted, however, that several courts of appeals had found otherwise. *Id.* Because the issue had not been raised in the case before it, the Eleventh Circuit declined to address it. *Id.*

■ In the Southern District of Florida, two district judges have addressed motions to withdraw reference in cases similar to the ones before the Court. *See Growers Packing Co. v. Community Bank of Homestead*, 134 B.R. 438, 444 (S.D.Fla. 1991) (Kehoe, J.); *Torcise v. Community Bank of Homestead*, 131 B.R. 503, 508 (S.D.Fla.1991) (Nesbitt, J.). In *Growers Packing*, Judge Kehoe held that bankruptcy judges lack statutory authority to conduct jury trials as to legal causes of action in such cases, and granted the defendant's motion to withdraw reference. *Growers Packing*, 134 B.R. at 444. Because he found no statutory grant of authority, however, Judge Kehoe "decline[d] to reach the further issue of whether Article III and/or the Seventh Amendment raise constitutional barriers to the Bankruptcy Court's power to conduct jury trials." *Id.* In *Torcise*, Judge Nesbitt avoided a statutory interpretation that would engender constitutional

---

**4.** Section 157 provides, in pertinent part: "Each district court may provide that . . . any or all proceedings . . . arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C.A. § 157(a) (West 1968 & Supp.1993).

Section 157 further provides that, "Bankruptcy judges may hear and determine . . . all core proceedings . . . arising in a case under title 11 . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C.A. § 157(b)(1) (West 1968 & Supp.1993). "Core proceedings include, but are

not limited to . . . proceedings to determine, avoid, or recover fraudulent conveyances." 28 U.S.C.A. § 157(b)(2)(H) (West 1968 & Supp. 1993).

Section 158 provides, in pertinent part: "The district courts of the United States shall have jurisdiction to hear appeals from final judgment, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C.A. § 158(a) (West 1968 & Supp.1993).

issues by reading the "hear and determine" provision of 28 U.S.C. § 157(b) "to apply to bankruptcy judges only when there is no Seventh Amendment right to a jury trial." *Torcise*, 131 B.R. at 507. Judge Nesbitt, therefore, granted the motion to withdraw reference as to the issues on which the defendant was entitled to a jury trial. *Id.* at 508. Judge Nesbitt concluded:

> If there are any remaining matters which must be adjudicated by the district court after all pre-trial matters, including discovery and pre-trial motions, have been addressed by the bankruptcy court consistent with the full extent of its powers under the 1984 Bankruptcy Amendments and the Constitution, the Court shall place this cause on its trial calendar.

*Id.*

The Court finds persuasive the reasoning of *Growers Packing* and *Torcise*. Accordingly, the Court concludes that the defendants in these preferential and fraudulent transfer adversary proceedings are entitled to a trial by jury, before this Court, as to any legal issues that require trial.[5]

## THE DEFENDANTS' RIGHT TO HAVE DISPOSITIVE MOTIONS DECIDED BY THE DISTRICT COURT

In their motions to withdraw reference, the defendants further argue that they are entitled to have dispositive motions decided by an Article III judge. Specifically, the defendants claim that Judge Mark lacks jurisdiction to entertain and decide the summary judgment motions that the bankruptcy trustee, Stein, has filed in the adversary proceedings.[6] As stated at oral argument, the defendants' position is that, along with the right to a jury trial, they have an inextricable right to "have an

Article III judge determine whether there are issues to be tried." (Transcript of Proceedings, July 15, 1993, at 23–24.) The defendants, therefore, have asked the Court to declare unconstitutional the portion of 28 U.S.C. § 157 which confers jurisdiction upon bankruptcy judges "to hear and determine" preferential and fraudulent conveyance actions, where the defendants have not submitted themselves to the bankruptcy court's jurisdiction. Alternatively, the defendants ask the Court to interpret this provision as only permitting the bankruptcy court to issue a report and recommendation as to case dispositive motions.[7]

The defendants predicate their argument on the Supreme Court's distinction between private and public rights expounded in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64, 109 S.Ct. 2782, 2802, 106 L.Ed.2d 26 (1989). As previously noted, language from the *Granfinanciera* opinion, which relies heavily on *Northern Pipeline*, appears to dictate an article III forum for the adjudication of "private right" claims. Such an expansive reading of the *Granfinanciera* opinion, however, cannot be reconciled with the Supreme Court's express abstention from addressing the issue of whether bankruptcy judges may conduct jury trials.

In a well-reasoned opinion, the Northern District of Alabama, sitting en banc, has accurately pointed out that, "Nowhere does the [*Granfinanciera*] case hold that the Bankruptcy Court does not have jurisdiction over these [preference and fraudulent transfer] actions." *City Fire Equip. Co. v. Ansul Fire Protection Wormald U.S., Inc.*, 125 B.R. 645, 646 (N.D.Ala.1989) (en

---

5. In accordance with the rationale of the *Growers Packing* and *Torcise* opinions, as well as the teaching of *Granfinanciera,* the Court grants the motions to withdraw reference only as to "legal" issues, for which the Seventh Amendment guarantees trial before a jury. Indeed, the defendants have expressly directed their motions to withdraw reference to legal, as opposed to equitable, causes of action.

6. These motions are presently scheduled for argument before Judge Mark on August 18, 1993.

7. In fashioning such a limited reference, the defendants would have the Court import the statutory procedure governing United States Magistrates, 28 U.S.C. § 636, to these adversary bankruptcy actions. The Court, however, need not reach this alternative proposal.

banc).[8] The Northern District of Alabama concluded that bankruptcy court jurisdiction over such actions extends to the determination of case dispositive motions, and that a defendant's right to jury trial is not jeopardized by having a bankruptcy court "hear and determine" case dispositive motions. *Id.* at 649–50. The Northern District of Alabama stated:

> While motions to dismiss and motions for summary judgment may be dispositive, they do not impact on the right to a *jury* trial. They merely involve legal issues as to whether *any* trial is necessary. Such motions impact on the right to a *trial* of any type, jury or nonjury. They do not result in the findings of fact, only a determination that findings of fact are unnecessary because of failure to state a claim upon which relief can be granted, lack of disputed facts, etc. The granting of such motions does not deprive a party of a *right* to a *jury* trial.

*Id.* at 649. The Court finds this reasoning persuasive. Moreover, given the Supreme Court's contemplation of the possibility that bankruptcy judges may conduct jury trials in preference and fraudulent transfer actions, the Court concludes that the defendants' right to a jury trial is not "inextricably bound" to adjudication of case dispositive motions by an article III judge. Like Judge Nesbitt in *Torcise*, therefore, the Court withdraws the bankruptcy reference only for purposes of jury trial, and leaves the reference intact as to all pretrial matters.

## CONCLUSION

Based on the foregoing considerations, it is hereby

ORDERED AND ADJUDGED that:

(1) Defendant E. Miller's motion to withdraw reference and demand for jury trial, in Case No. 93–8305–CIV–HIGHSMITH, *Stein v. E. Miller*, is GRANTED IN PART AND DENIED IN PART;

(2) Defendant V. Miller's motion to withdraw reference and demand for jury trial, in Case No. 93–8306–CIV–HIGHSMITH, *Stein v. V. Miller*, is GRANTED IN PART AND DENIED IN PART;

(3) Defendant Hazel's motion to withdraw reference and demand for jury trial, in Case No. 93–8307–CIV–HIGHSMITH, *Stein v. Hazel*, is GRANTED IN PART AND DENIED IN PART;

(4) The bankruptcy court reference is WITHDRAWN IN PART for these three adversary cases as to the trial of any legal causes of action. The bankruptcy court reference is AFFIRMED in all other respects, including hearing and determination of case dispositive motions. If and when these cases become ready for trial, the Court SHALL PLACE them on its calendar for jury trial promptly upon receipt of such notification from the bankruptcy court.

(5) Defendant E. Miller's motion for leave to appeal, pursuant to 28 U.S.C. § 158(a); and emergency motions for stay pending appeal of order denying defendant's motion to abate, in Case No. 93–8350–CIV–HIGHSMITH, *Stein v. E. Miller*, are DENIED AS MOOT.

(6) Defendant V. Miller's motion for leave to appeal, pursuant to 28 U.S.C. § 158(a); and emergency motions for stay pending appeal of order denying defendant's motion to abate, in Case No. 93–8349–CIV–HIGHSMITH, *Stein v. V. Miller*, are DENIED AS MOOT.

(7) Defendant Hazel's motion for leave to appeal, pursuant to 28 U.S.C. § 158(a); and emergency motions for stay pending appeal of order denying defendant's motion to abate, in Case No. 93–8348–CIV–HIGHSMITH, *Stein v. Hazel*, are DENIED AS MOOT.

(8) Cases No. 93–8305–CIV–HIGHSMITH, *Stein v. E. Miller;* No. 93–8306–CIV–HIGHSMITH, *Stein v. V. Miller;* No. 93–8307–CIV–HIGHSMITH, *Stein v. Hazel;* No. 93–8350–CIV–HIGHSMITH, *Stein v. E. Miller;* No. 93–8349–CIV–HIGHSMITH, *Stein v. V. Miller;* and No.

---

**8.** Indeed, such a determination would render moot the question expressly left open by the Supreme Court regarding a bankruptcy court's ability to conduct jury trials in such actions. *City Fire,* 125 B.R. at 646 n. 3.

93–8348–CIV–HIGHSMITH, *Stein v. Hazel* are CLOSED. All pending motions not previously ruled on are DENIED AS MOOT.

DONE AND ORDERED.